G. L. STROBECK and J. S. Ulland, Respondents, v. G. W. McWILLIAMS and H. E. Shears, Appellants.

(171 N. W. 865.)

**Contracts — sale of good will — breach of — injunction — when issued.**

This action presents an appeal from an order restraining defendant from selling lands to persons residing within the territory naturally tributary, for business purposes, to the village of Cogswell. *Held:* That under the statute in selling the good will of a business it is only competent for the party to agree with the buyer to refrain from carrying on a similar business within a specified county or city, and also that the remedy by injunction is summary, peculiar, and extraordinary, and lies only to prevent general and irreparable mischief; and that the power to grant an injunction should be exercised with the greatest caution, and only in very clear cases, and when there are circumstances to bring the cause under some recognized head of equity jurisdiction.

Opinion filed March 19, 1919.

Appeal from the District Court of Sargent County, Honorable *Frank P. Allen,* Judge.

Reversed and dismissed.

*Engerud, Divet, Holt, & Frame,* for appellants.

Isolated and disconnected sales of land, without regard to the location

of the land or the residence of the parties, does not amount to engaging in business in violation of a contract in which the parties agreed not to engage in the real estate, farm, loan, etc., business.

The terms, "engage in business" and "carry on business," are synonomous expressions. Graves v. Knight, 199 N. Y. 397, 92 N. E. 792; United States v. Jackson, 26 Fed. 556; State v. Nopin, 41 S. E. 13; Guiltinan v. National L. Ins. Co. 38 Atl. 315; Marshall v. R. Co. 24 So. 450; Berkler v. Gunther (Iowa) 96 N. W. 895; People v. Wright, 96 N. E. 362; Hart-Parr Co. v. Robb-Lawrence, 15 N. D. 55; Sucker State Drill Co. v. Wertz, 17 N. D. 55; El Dorado Co. v. Weiss, 34 Pac. 716; Brown v. Edsall (S. D.) 122 N. W. 658; Nelson v. Johnson (Minn.) 36 N. W. 868.

The agreement not to carry on business cannot be broader as to territory than a single county. Comp. Laws 1913, § 5929; Thomas v. Mills, 3 Ohio St. 275.

The good will of the corporate business is not an incident of the corporate stock, and an attempt to sell a good will even if it was stated as the good will of a business is not binding unless the party selling same is in fact possessed of and can in fact sell such good will. Merchants Sign Co. v. Sterling (Cal.) 46 L.R.A. 142, 57 Pac. 468; Spring Valley v. Schottler, 62 Cal. 69, 118; Dodge Stationery Co. v. Dodge, 79 Pac. 881; Griffin v. Dunn (S. D.) 120 N. W. 890.

A plaintiff who has no cause of action at the time of filing his complaint cannot by amendments or supplemental complaint introduce one which accrues thereafter. Mellor v. Smithers (C. C. A.) 114 Fed. 116, 31 Cyc. 503 and 504, and notes; Morse v. Steele (Cal.) 64 Pac. 690; Lewis v. Fox (Cal.) 54 Pac. 826; Comp. Laws 1913, § 7486.

An injunction will not issue to protect from mere theoretical and possible or unsubstantial injuries. 22 Cyc. 760, 761; 14 R. C. L. p 354, § 57.

*A. Leslie Forman* and *W. S. Lauder,* for respondents.

One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or a part thereof, so long as the buyer or any person deriving title to the good will from him carries on a like business therein. Comp. Laws 1913, §§ 5928–5930; 6 R. C. L. ¶¶ 190 et seq.; 9 Cyc. 523 et seq.

It is not necessary that a wrong should have been actually committed

before a court of equity will interfere. 1 High, Inj. § 18; 2 High, Inj. § 1168.

If the restraint is reasonable, and is not greater than is necessary for the proper protection of the purchaser in enjoying his property, a breach will be enjoined. 22 Cyc. p. 866, subdiv. "c" and cases cited in notes.

The whole context of a contract is to be considered in ascertaining the intention of the parties, even though the immediate object of the inquiry is the meaning of an isolated clause. 6 R. C. L. §§ 224, 229 et seq.

To effect the sale of the good will of a business it is not necessary that the contract should in express words provide that the good will of the business is sold. Mapes v. Metcalf, 10 N. D. 601; National Ben. Co. v. Union Hospital Co. (Minn.) 47 N. W. 806.

ROBINSON, J. In September, 1913, the defendants and one Mott owned the Cogswell State Bank. The defendants owned nearly all the bank stock, consisting of 150 shares. In connection with the bank business, and as a part of the business, there was done a real estate, farm, loan, and insurance business. Pursuant to a written agreement defendants sold to the plaintiff the entire stock of the bank at $260 a share, and agreed to this covenant: "In selling the stock of the bank it is understood, and the sellers agree, that the good will is included, and that they will not engage in the banking business here, nor in territory tributary where the bank draws business from, or in the insurance business, or real estate business, or farm loans." The complaint avers that in violation of the contract the defendants did a real estate business at Cogswell and in territory tributary to it, thereby competing with the plaintiffs in the real estate business, and greatly injuring and damaging them, and that they threaten to continue such business.

The trial court found that, subsequent to the making of the contract and upon the trial of this action, the defendants threatened to engage generally in the business of selling lands not located in Sargent county, to persons residing within said territory, and have claimed a legal right to engage in the business of selling lands to people residing in said territory; provided, only, that the said lands should not be located in said territory. The court also found that the evidence did not show that up to the time of the commencement of the action the defendants had

done any act that was a breach of the contract, or that the plaintiffs had suffered any damage. On such findings the court directed that the defendants be perpetually enjoined from carrying on the business of selling land to persons residing in the territory naturally tributary, for business purposes, to the village of Cogswell, and this without regard to where the lands are located, excepting that they are not enjoined from selling their own lands. As the court finds that at the time of the commencement of the action the defendants have not done anything that was a breach of the contract, it is manifest that the findings do not sustain the judgment—and the findings are in accordance with the testimony. The threats on which the judgment is based were called out by an improper cross-examination of one defendant; but a party cannot in that way and at the same time make and try a cause of action.

Preventive relief may be given by injunction: (1) When pecuniary compensation is not an adequate remedy; (2) when it would be extremely difficult to ascertain the amount of compensation; (3) when the restraint is necessary to prevent a multiplicity of suits. Section 7213.

In this case there is no showing that defendants are not perfectly responsible and that an ordinary action for damages would not afford an adequate remedy. The contract not to do a certain business—a real estate business—within a territory tributary to Cogswell, is too indefinite. For instance, a contract not to do a certain business in the territory tributary to St. Paul might preclude the doing of business in Minnesota and in North Dakota.

In selling the good will of the business it was only competent for the defendants to agree with the buyer to refrain from carrying on a similar business within a specified county, city, or part thereof, so long as the buyer or any person deriving title to the good will from him carries on a like business therein. Section 5929. There is no claim that after selling the good will of their banking business the defendants ever attempted to do a similar business or a real estate business in the city of Cogswell, or to carry on any similar business adjacent to the village of Cogswell. They removed to Ward county, and there commenced doing a banking and a real estate business, and occasionally sold Ward county lands to persons in the vicinity of Cogswell, as they had a perfect right to do.

The remedy by injunction is summary, peculiar, and extraordinary.

42 N. D.—3.

and lies only to prevent great and irreparable mischief. It is not *ex debito justitiæ* for any injury threatened or done to the estate or rights of a person. But a granting of it must always rest in the sound discretion, governed by the nature of the case. The power, being extraordinary, ought to be exercised with great caution and only in very clear cases. And it is also necessary that there should be some special circumstances to bring the case under some recognized head of equity jurisdiction. 14 R. C. L. 307. Recently the courts have been too ready to grant injunctions on little pestiferous matters. This case presents no appeal to equity. Neither the findings of the trial court, nor the evidence, shows any cause for granting an injunction. The judgment is reversed and the action dismissed, with costs.

BIRDZELL, J. (dissenting). I dissent. The record in this case discloses the existence of a valid, binding agreement whereby the defendants sold the good will of a certain banking, insurance, and real estate business, at Cogswell, and it also discloses the existence of an intention on the part of the defendants to engage in a course of conduct in the future that would involve a breach of the agreement. As I view the case, the finding of the trial court to the effect that the defendants, up to the time of the commencement of this action, had done no act that was a breach of the contract, is not borne out by the record. As I read the record, it shows quite conclusively that the defendants had broken that part of their contract in which they agreed not to engage in the real estate business in competition with the plaintiff, in the territory tributary to the bank, and their announcement of an intention to continue transacting business in the future as in the past constituted a threatened injury which should be enjoined. The evidence, however, going to establish actual damages for past breaches of the contract is not sufficient to warrant a money judgment.

The injunctional order entered in the court below was, however, broader than the contract warranted in that it restrained the defendants from selling land to persons residing within the territory tributary to the village of Cogswell, without regard to where the land sold was located. It is my opinion that the order should be so modified as not to prevent the defendants from selling lands to persons residing within

the territory tributary to Cogswell, provided such sales are not specially solicited or induced by the defendants through agents or otherwise, and that, as so modified, the order should be affirmed.