MANDAN–BISMARCK LIVESTOCK AUC-
TION, a corporation, Plaintiff and
Appellant,

v.

F. C. KIST, Laura Kist, Joseph P. Schaaf,
Individually and as co-partners, doing busi-
ness under the firm name and style of
Mandan Livestock Sales; Mandan-Bis-
marck Stockyards, Inc., a corporation,
Defendants and Respondents.

No. 7651.

Supreme Court of North Dakota.

July 26, 1957.

Strutz, Jansonius & Fleck, Bismarck, for appellant.

Kelsch & Scanlon, Mandan, for respondents.

SATHRE, Judge.

Plaintiff brings this action for specific performance of a contract of sale dated August 24, 1955 by the terms of which the defendants F. C. Kist, Laura Kist and Joseph P. Schaaf, individually and as copartners doing business under the name of Mandan Livestock Sales agreed to sell to R. S. John and Gerald Boren, their assets, name and good will for a consideration of one dollar and other valuable considerations, in hand paid by the plaintiff. The contract of sale, among other things provides:

> "The sellers, as a part of the consideration on this contract, do hereby agree and covenant not to engage in the business requiring a livestock sales license from the State of North Dakota under, existing law, for a period of ten (10) years within the counties of Morton and Burleigh, in the State of North Dakota."

The contract is in evidence as plaintiff's exhibit "A".

On August 25, 1955 R. S. John and Gerald Boren by endorsement on said contract, plaintiff's exhibit "A" assigned and transferred said contract to the plaintiff, Mandan-Bismarck Livestock Auction, a corporation in return for plaintiff's agreement to assume and carry out all obligations of the assignors of said contract.

The complaint of the plaintiff alleges the foregoing facts, and further alleges that on or about August 24, 1955 the defendants, F. C. Kist, Laura Kist and Joseph P. Schaaf, copartners as Mandan Livestock Sales and the defendant Bismarck-Mandan Stockyards, Inc., represented to the plaintiff and its assignors that the business of the said copartners had been sold to R. S. John and Gerald Boren by a written contract, plaintiff's exhibit "A" herein, and that the defendant Mandan-Bismarck Stockyards, Inc. approved, ratified and confirmed said purchase by the said copartnership and made entries thereof in its records.

The complaint then alleges that because of the representations made by the defendants and each of them the plaintiff, by the assignment to it on August 25, 1955, acquired all of the right, title and interest in and to said business and property of the copartnership, Mandan Livestock Sales, and at all times since has been the owner thereof; that the officers and directors of Mandan Stockyards, Inc. were advised by the buyers of Mandan Livestock Sales that they formed a corporation which is the plaintiff, Mandan Livestock Auction, which offered to lease the facilities of the defendant Mandan-Bismarck Stockyards, Inc. under the terms of rental and mutual rights and obligations described and agreed to at a meeting of the directors on August 25, 1955, which offer was then accepted unanimously by the board of directors of the Mandan-Bismarck Stockyards, Inc.

The complaint further alleges that the plaintiff and its assignors have performed all the terms and conditions of the contract, exhibit "A", and at all times since October 15, 1955, have been ready, able, and willing to take over and operate the Mandan Livestock Sales pursuant to the terms of the

said agreement of sale. It is then alleged that the defendants F. C. Kist, Laura Kist and Joseph P. Schaaf as copartners, and the defendant Mandan-Bismarck Stockyards, Inc., in complete disregard of said contract, and the ratification and adoption thereof, refused and continue to refuse to carry out the terms of said contract, plaintiff's exhibit "A"; that if the defendants do not comply with the terms of the contract of sale herein, that plaintiff will suffer great and irremediable loss, for which a judgment in damages will be no adequate compensation, nor would it do complete justice between the parties.

Judgment is demanded for specific performance by the defendants of said contract, plaintiff's exhibit "A", and that the defendants be required to transfer to the plaintiff the entire assets and business of Mandan Livestock Sales, pursuant to the terms and conditions of the said contract of sale.

Each of the defendants answered separately, denying generally the allegations in plaintiff's complaint, but in the main, the answers are practically identical. Both answers admit that the defendants have refused and continue to refuse to carry out the terms of the contract, plaintiff's exhibit "A". The answers also allege that the sum of $1 paid to the defendant R. S. John and Gerald Boren was the only thing of value which they received under said agreement for sale of the said business and that said consideration was unfair, unjust, unreasonable and unconscionable, and that the same has been refunded to the plaintiff. Both answers allege that the following provision in the contract of sale, plaintiff's exhibit "A", is illegal and void and violative of subdivision 1, Section 9–0806, NDRC 1943: "The sellers as a part of the consideration of this contract, do hereby agree and covenant not to engage in the business requiring a livestock sales license from the State of North Dakota under existing law, for a period of ten years within the counties of Morton and Burleigh in the State of North Dakota."

Notice of rescission of said contract dated September 6, 1955 was served upon the assignors R. S. John and Gerald Boren on September 7, 1955.

After issue joined between the parties, and after petition and notice to plaintiff a pretrial conference was held before the Honorable Harvey J. Miller, one of the judges of the sixth judicial district, Morton County, North Dakota on February 14, 1956. At the pretrial conference the defendants moved for judgment on the pleadings. The motion was based on the following grounds:

1. That the clause in the contract for sale prohibiting the seller from engaging in the livestock business in Morton and Burleigh Counties for ten years was void and nullified the whole contract.

2. That the consideration of one dollar for the contract was inadequate as a matter of law.

3. That the Mandan-Bismarck Stockyards, Inc., is not a party to such agreement, received no consideration therefor, and is not bound thereby.

4. That the plaintiff has an adequate remedy at law.

Thereafter and on the 10th day of March 1956 the Honorable Harvey J. Miller, made and filed his memorandum decision wherein he held that the provision in the contract, plaintiff's exhibit "A", which provided that the sellers as a part of the consideration of the contract agreed not to engage in the business requiring livestock sales license from the State of North Dakota under the existing laws of the State for a period of 10 years within the counties of Morton and Burleigh was illegal and void under subdivision 1 of Section 9–0806, NDRC 1943 which provides:

"One who sells the good will of a business may agree with the buyer to

refrain from carrying on a similar business within a specified county, city or village, or a part of either, so long as the buyer or any person deriving title to the good will from him carries on a like business therein."

The court further held that the consideration for the entire contract applies in part to the clause prohibiting the seller from engaging in business in Morton and Burleigh Counties; that the contract does not provide a formula for apportioning the consideration; that the terms of the contract were vague and indefinite and that therefore the whole contract is unenforceable by specific performance.

The motion of the defendants for judgment on the pleadings was granted.

An order was made accordingly and judgment for dismissal of the action with prejudice was entered thereon.

The plaintiff appealed from the judgment and assigned numerous specifications of error, but only two questions are argued on this appeal:

"1. Is the non-competing clause contained within said agreement void as being (a) contrary to the policy of express law, (b) contrary to good morals, (c) contrary to the provision of Sub-Section 1 of Section 9–0806, NDRC 1943?"

"2. If the non-competing clause in said contract is void, does it have the effect of voiding the entire contract?"

The provision in the contract involved herein by which the sellers agreed not to engage in the livestock business for a period of ten years in Morton and Burleigh Counties has been quoted elsewhere in this opinion. Section 9–0806, NDRC 1943 provides:

"Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind is to that extent void, except:

"1. One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or village, or a part of either, so long as the buyer or any person deriving title to the good will from him carries on a like business therein."

There is no ambiguity in the language of the quoted section. The area within which a party to a contract of sale of his business may legally agree not to engage in a similar business is limited to a "specified county, city or village, or a part of either." The language employed can not be construed to permit a seller to bind himself to refrain from engaging in such business in a larger area than one county or one city, or one village, or a part of either county, city or village.

In the case of Strobeck v. McWilliams, 42 N.D. 30, 171 N.W. 865, this court in construing Sections 5928–5929, R.C.1913 (now Sec. 9–0806, NDRC 1943) held that:

"In selling the good will of the business it was only competent for the defendants to agree with the buyer to refrain from carrying on a similar business within a specified county, city, or part thereof, so long as the buyer or any person deriving title to the good will from him carries on a like business therein."

To the same effect is the case of Olson v. Swendiman, 62 N.D. 649, 244 N.W. 870, where the same statute was under consideration. We quote from paragraph 2 of the syllabus:

"A dentist who enters into a contract, by the terms of which he agreed to practise his profession of dentistry in the office of a dentist with an established practice in the city of Grand Forks for a period of five years and that he would not, for a period of two years after leaving such employment, engage either directly or indirectly in the practice of dentistry in any form within the

city of Grand Forks, North Dakota or East Grand Forks, Minnesota is neither one who sells the good will of a business, as provided in § 5929, Compiled Laws, 1913 nor a partner anticipating the dissolution of the partnership, as provided in § 5930, Compiled Laws, 1913 and therefore, that part of the contract relating to his practising the profession of dentistry in Grand Forks, North Dakota or East Grand Forks, Minnesota, is void under § 5928, Compiled Laws, 1913."

We hold therefore that the provision in the contract, plaintiff's exhibit "A", by which the seller agreed not to engage in the livestock business in Morton and Burleigh Counties is void and in violation of Section 9-0806, NDRC 1943.

 The next question for consideration is whether the remaining provisions of the said contract are valid and enforceable by specific performance.

Section 9-0403, NDRC 1943 provides:

"When a contract has but a single object, and such object is unlawful in whole or in part, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void."

In 14 Am.Jur. pages 739, 740, Contracts, Sec. 221, it is stated:

"It is said that there is some contrariety of opinion as to how much a partial illegality of consideration involving no moral turpitude will affect the validity of an agreement. The language used by the courts generally indicates no distinction between different kinds of illegality. It is usually said that partial illegality of consideration avoids the agreement in toto. It seems, however, that a distinction may be made between divisible and indivisible considerations. Where the consideration for an agreement is entire and a part of such consideration is

illegal, but the illegal portion is not separable from the whole consideration, and no means of apportioning it is furnished by the agreement, the whole agreement is generally declared unenforceable."

 The consideration as stated in the contract involved here is: "One ($1.00) Dollar, and other valuable considerations". There is no direction in the contract, however, by which the kind or character of the "other valuable considerations" can be ascertained or identified, or what part of the consideration has application to the illegal part of the contract and what part, if any, applies to the remaining part of the contract. In the case of Guardian Agency, Inc., v. Guardian Mut. Sav. Bank, 227 Wis. 550, 279 N.W. 79, 115 A.L.R. 1356, the Supreme Court of Wisconsin held, under a statute prohibiting certain contracts, that "Where any part of the consideration * * * for an unseverable promise, one of which is illegal, the promise, whether written or oral, is wholly void."

In 81 C.J.S. Specific Performance § 34, pages 490, 491 it is stated:

"A contract must fix the price or consideration clearly, definitely, certainly, and unambiguously, or provide a way by which it can be fixed with certainty before a decree for specific performance thereof will be entered.

"Except where uncertainty or ambiguity in this respect has been removed or cured by the parties or their authorized representatives or agents, a court of equity will not decree specific performance of a contract which does not fix the price or consideration clearly, definitely, certainly, and unambiguously, or provide a way by which it can be fixed with certainty."

Paragraph 9 of the sales contract involved here provides:

"It is understood and agreed between the parties that the Sellers have agreed

that so much of the materials of the present Mandan Livestock Sales Ring and Yards as are of use in the construction of Mandan-Bismarck Stockyards, Inc., facilities, shall be made available to that corporation without cost as a part of any lease between that corporation and Mandan Livestock Sales, or its successors, and that Buyers will comply with all oral agreements of Mandan Livestock Sales with Mandan-Bismarck Stockyards, Inc., made to its Board of Directors of which Buyers admit notice and knowledge."

The paragraph quoted is vague and indefinite and does not specify the facilities available to the Mandan-Bismarck Stockyards, Inc. nor are there any directions therein for ascertaining the terms of the oral agreements of Mandan Livestock Sales with Mandan-Bismarck Stockyards, Inc. with which the buyers agreed to comply.

In order to entitle a litigant to specific performance of a contract the terms thereof must be complete and capable of being performed without additions or amendments. We quote the following statement from 81 C.J.S. Specific Performance § 35, pages 494, 495 and 496.

"A contract, in order to be specifically enforceable, must be complete in itself with respect to all its terms or parts, or at least with respect to its essential and material terms, parts, and elements; it must be capable of being performed without adding to its terms; and it must not leave a material and essential term or element for future negotiation and settlement. The court cannot supply an important omission or complete a defective contract for the purpose of specific performance. Where, however, all the essential elements of a contract are stated, a failure to include other provisions which might properly have been incorporated does not prevent a decree of specific performance, and terms which the law implies need not be expressly stated.

Further negotiations after the contract has been completed do not prevent specific performance of the contract. It is no defense that the agreement must be gathered from more than one instrument where they may fairly be construed as constituting one writing."

The trial court held that the contract of sale, plaintiff's exhibit "A", was not sufficiently clear, specific and definite in its terms to entitle plaintiff to specific performance thereof. We conclude that under the established rules of law applicable in such cases and the judicial decisions cited herein, the trial court correctly granted the motion of the defendants for judgment on the pleadings.

The judgment is affirmed.

GRIMSON, C. J., and JOHNSON, BURKE and MORRIS, JJ., concur.