Richard A. WOLF, Plaintiff
and Appellant,

v.

Pauline A. WOLF, Defendant
and Appellee.

Civ. No. 900364.

Supreme Court of North Dakota.

Aug. 16, 1991.

Ralph F. Carter of Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for plaintiff and appellant.

Wayne K. Stenehjem of Kuchera, Stenehjem & Wills, Grand Forks, for defendant and appellee.

VANDE WALLE, Justice.

Richard Wolf appealed from a judgment of divorce awarding custody of the children of the marriage to their mother, Pauline Wolf. We affirm the judgment.

Richard and Pauline were married in 1982 and three children were born during the marriage. Richard contends on appeal that the trial court erred in awarding sole physical custody of the children to Pauline, that the trial judge erred in the amount of child support awarded and that the trial judge was "subconsciously biased" against Richard.

A determination of the custody of the children is reviewed by this court pursuant to Rule 52(a), NDRCivP and we will reverse the custody determination only if it is clearly erroneous or we believe a mistake has been made. *E.g., Aanderud v. Aanderud,* 469 N.W.2d 154 (N.D.1991). A finding is clearly erroneous only if there is no evidence to support it. *Id.*

In the initial child-custody determination the standard the trial court is to follow is that of the best interests and welfare of the child. *Freed v. Freed,* 454 N.W.2d 516 (N.D.1990). What is in the child's best interest is the single issue to be determined. *Id.* Richard contends that in awarding custody of the children to Pauline, the trial judge relied solely upon the fact that Pauline was the "primary caretaker" of the children a factor a majority of this court has refused to recognize as controlling. *Gravning v. Gravning,* 389 N.W.2d 621 (N.D.1986). In North Dakota the primary caretaker factor is not a presumptive rule but only one of the many considerations to be evaluated by the trial court in making its finding as to the best interests of the child. *Id.*

The trial court is vested with substantial discretion in matters of custody and in the determination of what is in the best interests of the child, but it must consider and evaluate all factors that affect those best interests and welfare as enumerated in Section 14–09–06.2, NDCC. *Freed, supra.* Although we need adequate factual findings by the trial court to determine whether the custody determination is clearly erroneous, *Hust v. Hust,* 295 N.W.2d 316 (N.D.1980), we have not required separate findings on each relevant statutory factor. *Roen v. Roen,* 438 N.W.2d 170 (N.D.1989). Findings of fact should be stated with sufficient specificity to assist this Court and afford us a clear understanding of the trial court's decision, but the findings are adequate if we are able to understand from them the factual basis for the trial court's determination. *Gross v. Sta–Rite Industries, Inc.,* 322 N.W.2d 679 (N.D.1982). *See Garbe v. Garbe,* 467 N.W.2d 740 (N.D.1991).

■ We have reviewed the more than 800 pages of transcript as well as depositions and other exhibits in this matter. We are able to understand from the findings the factual basis for the trial court's determination that, in the best interests of the children, Pauline should be the custodial parent. It is apparent from the memorandum opinion and the findings of the court that it was concerned with certain characteristics of Richard which the court found undesirable in a custodial parent. The trial court did not embellish on each of the statutory factors to be considered in determining the best interests, and thus the custody, of the children, but its decision followed rather closely the recommendations in the custody-evaluation report prepared by Dr. Ryan Jagim, a licensed psychologist. In his report, Dr. Jagim did discuss each of the statutory factors. Therefore, the trial court did not impermissibly rely on the "primary caretaker" factor to the exclusion of all others.

We necessarily conclude that there was sufficient evidence to support the finding that awarding custody of the children to Pauline is in their best interest. In addition to other evidence, the recommendation of Dr. Jagim is sufficient evidence to foreclose any contrary conclusion as to the sufficiency of the evidence. There were factors which would negate a finding that the best interests of the children would be served by granting custody to Pauline. But it was the trial court's obligation to weigh those factors and we are not convinced a mistake has been made because that weighing did not result in a custody award to Richard. We may have viewed the evidence and weighed those factors differently had we been the trier of fact; but that is not the standard on appeal and we will not reverse a decision of the trial court simply because we would have done differently had we been the trial court. *E.g., Kitzmann v. Kitzmann,* 459 N.W.2d 789 (N.D.1990).

■ Richard challenges the trial court's award of child support because it did not consider the factors set forth previously by this Court [*Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966)] and contained in Section 14–17–14(5), NDCC, prior to its repeal in 1989. Rather, the trial court relied on the guidelines adopted by the Department of Human Services which were held to be invalidly promulgated. *Illies v. Illies,* 462 N.W.2d 878 (N.D.1990). *See also Huber v. Jahner,* 460 N.W.2d 717 (N.D.Ct. App.1990). However, in *Illies,* we stated that our conclusion therein would apply "prospectively to all trial court cases decided after the issuance of the mandate in this case, and to those cases in which the issue was raised in a trial court prior to this opinion and are now on appeal or are eligible for appeal." *Illies, supra,* at 883. This case was decided prior to our decision in *Illies,* and the issue of the proper promulgation of the guidelines was not raised in the trial court.

Furthermore, the guidelines have now been promulgated as administrative rules effective February 1, 1991. *See* N.D. Administrative Code, chapter 75–02–04.1 (1991). Those guidelines are driven by the income of the noncustodial parent, not the needs of the child. We have recently held that the trial court's use of the guidelines amounted to, at the most, harmless error pursuant to Rule 61 NDRCivP, where the award is within the guidelines; the presumption that the amount of child support resulting from application of the guidelines was not rebutted at the time the trial court applied them; and, because the guidelines would apply if we were to reverse and remand for further proceedings, a remand would constitute a matter of form rather than substance. *Wenzel v. Wenzel,* 469 N.W.2d 156 (N.D.1991). That same rationale applies in this case.

The trial court observed that the amount of the award resulting from application of the guidelines "may seem high" but that "the guidelines provide that the children should be able to enjoy more than the subsistence level of support if the parents can afford greater amounts." Additionally, the trial court did not award immediate spousal support, noting that "in view of the amount of child support to be received by Mrs. Wolf, the Court will reserve the question of

spousal support and will not make any award at this time, subject to modification upon a showing of changed circumstances." The trial court recognized that Mrs. Wolf would share in the shelter, food and other amenities which would be provided to the children in her custody as a result of the substantial amount of child support dictated by the guidelines. We find no error in the amount of child support awarded by the trial court.

Finally, Richard urges that we reverse the decision of the trial court because "the trial judge was subconsciously biased against the plaintiff." Richard offers no standard by which we are to determine the trial judge was "subconsciously biased" against him. This alleged ground for reversal results from several findings and conclusions which the trial judge drew from the evidence but which Richard would evaluate differently than did the trial judge. But, that is not a manifestation of bias or prejudice. Richard candidly admits there is little or no caselaw in North Dakota regarding the issue of whether a trial judge has exhibited bias or prejudice. This case will not fill that void. The trial judge clearly specified his reasons for the decision. It is the trial judge's obligation to view the witnesses, weigh their credibility and determine the facts. Because, in doing so, the trial judge necessarily decides in favor of one party rather than the other does not exhibit bias. It is particularly important in determining the best interests of children that the trial judge make the decision from the evidence as viewed by the trial judge, not as the parties view it.

The judgment is affirmed.

ERICKSTAD, C.J., and VERNON R. PEDERSON, Surrogate Judge, concur.

LEVINE and GIERKE, JJ., concur in the result.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.