Lynn D. MONTGOMERY, Plaintiff
and Appellant,

v.

Susan R. MONTGOMERY, Defendant
and Appellee.

Civ. No. 910217.

Supreme Court of North Dakota.

Feb. 20, 1992.

Thomas D. Fiebiger and Gregory L. Thompson of Anderson & Bailly, Fargo, for plaintiff and appellant.

Wayne T. Anderson, Fargo, for defendant and appellee.

VANDE WALLE, Justice.

Lynn Montgomery appealed from that portion of a judgment of divorce which awarded child support to Susan Montgomery at the rate of $3,500 per month. We affirm.

Lynn and Susan were married in 1980 and have two children. When married,

Lynn was a medical student; during the marriage, he completed his medical degree and his residency in obstetrics-gynecology. Lynn is currently a staff physician for a Fargo clinic. Susan completed training as a dental hygienist prior to the marriage. She worked during the marriage and was employed part-time at the time of the divorce.

In its order for judgment, the district court awarded custody of the children to Susan and found that Susan and the children had reasonable monthly expenses of $4,368, Susan had a net monthly income of $758, and Lynn had a net monthly income of $14,000. The court set Lynn's child support obligation at $3,500 a month.

On appeal, Lynn challenges the child support award. He argues that the court erred by considering the child support guidelines, that it misapplied the factors relevant to setting child support, and that, consequently, the award far exceeds the monthly living expenses of the children.

Section 14–09–09.7(1), NDCC, authorizes the Department of Human Services to promulgate child support guidelines and subsection three of that statute creates a rebuttable presumption that "the amount of child support which would result from the application of the child support guidelines is the correct amount of child support." NDCC § 14–09–09.7(3). After the promulgation of child support guidelines pursuant to this section, determinations of child support are made by applying the calculations required by the regulations, and these calculations result in an amount of child support which is presumptively correct. *See* chapter 75–02–04.1, North Dakota Administrative Code. "The presumption may be rebutted if a preponderance of the evidence in a contested matter establishes that factors not considered by the guidelines will result in an undue hardship to the obligor or a child for whom support is sought. A written finding or a specific finding on the record must be made if the court determines that the presumption has been rebutted." NDCC § 14–09–09.7(3).

The regulations promulgated with the schedule of support state that "[t]he child support guidelines schedule and the calculations provided for under this chapter do not consider ... [t]he increased ability of an obligor, with a monthly net income which exceeds ten thousand dollars, to provide child support...." North Dakota Administrative Code § 75–02–04.1–09(2)(b). The schedule sets an amount due from an obligor with a monthly net income up to, and including, $10,000. North Dakota Administrative Code § 75–02–04.1–10.

While the regulations do not, therefore, establish a presumptively correct amount of child support due from a noncustodial parent with a monthly net income exceeding $10,000, we conclude that the schedule provides a starting point, setting for a parent with a monthly net income higher than $10,000 a minimum amount of support due equal to that due from a parent with a monthly net income of $10,000. In order to set a support amount lower than that provided by the schedule, a trial court must make findings of obligor-hardship consistent with section 14–09–09.7(3), NDCC. In cases where the obligor's monthly net income exceeds $10,000, the court must make a further inquiry to determine an amount appropriate to the needs of the children and the ability of the parent to pay.

That inquiry is pursued in the manner through which child support determinations were made without the benefit of the guidelines. Pursuant to that inquiry, the trial court's determination of child support is a question of fact, and will not be set aside on appeal unless clearly erroneous. NDRCivP 52(a); *Bagan v. Bagan,* 382 N.W.2d 645 (N.D.1986). A finding of fact is clearly erroneous when the reviewing court, on the entire record, is left with a definite and firm conviction that a mistake has been made. *Wolf v. Wolf,* 474 N.W.2d 257 (N.D.1991). We will not reverse the trial court merely because we may have viewed the evidence differently. *Wahlberg v. Wahlberg,* 479 N.W.2d 143 (N.D.1992). When the court's reasons are fairly discernible by deduction or reason from the findings set down, and those reasons are supported by the law and the record, we will

not upset an award of child support merely because the findings could have been more complete. *Id.*

Lynn contends that the trial court misapplied the factors set forth previously by this Court.[1] *See Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966). The task of the trial court in setting an amount for child support is to balance the needs of the children and the ability of the parent to pay. *Guthmiller v. Guthmiller,* 448 N.W.2d 643 (N.D.1989). Lynn supports his contention that the court misapplied the factors and, therefore, did not strike a proper balance, by pointing to the fact that the amount of the child support award exceeds the needs of the children.

Lynn argues that the support award far exceeds the actual monthly living expenses attributable to the children. We have, however, stated that the "needs" addressed by child support are the children's "appropriate needs." *Heggen v. Heggen,* 452 N.W.2d 96 (N.D.1990). In *Heggen,* we noted that:

> "We say 'appropriate' advisedly because it is likely that the 'needs' of a child in a family with substantial income are more expansive because of the standard of living the family has enjoyed. Where there are sufficient resources, children of divorce are entitled to enjoy a standard of living post-divorce comparable to that enjoyed while the family was intact. *Bagan v. Bagan,* 382 N.W.2d 645, 648 (N.D. 1986)." *Heggen,* 452 N.W.2d at 102.

"[C]hildren should be able to enjoy more than the subsistence level of support if the parents can afford greater amounts." *Wolf v. Wolf,* 474 N.W.2d at 259 [*quoting* trial court with approval].

Lynn attacks only the award of child support in the amount of $3,500 as being clearly erroneous. The court made other relevant findings of fact, including: Lynn's monthly net income was $14,000; Susan's net monthly income was $758.33; Susan

and the children's reasonable monthly expenses were $4,368; Lynn's reasonable monthly expenses were $4,300; Lynn participated in the selection of the home that Susan received subject to a mortgage. We note that the child support award was less than ten dollars more than Susan and the children's "reasonable monthly expenses" minus Susan's net monthly income. We also note the difference between the reasonable monthly expenses for the two households was only $68.

Reviewing this record we are not left with a definite and firm conviction that a mistake has been made in setting the amount of child support Lynn should pay for the care of his children. Accordingly, we affirm the judgment of the district court.

ERICKSTAD, C.J., VANDE WALLE, LEVINE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting with the Court due to the resignation of the Honorable H.F. GIERKE III.

---

1. For a time, the factors we identified in *Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952) and *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966) were codified; the Legislature has, however, repealed that codification. *See* NDCC § 14–17–14(5) *repealed by* S.L.1989, ch. 148, § 36, effective July 12, 1989.