**Roger Keith PERALA, Plaintiff and Appellant,**

v.

**Nancy Patricia CARLSON, Defendant and Appellee.**

Civ. No. 930392.

Supreme Court of North Dakota.

Aug. 24, 1994.

E. Jane Sundby (argued), Fargo, for plaintiff and appellant.

Wold, Johnson, Feder, Brothers, Beauchene & Schimmelpfennig, Fargo, for defendant and appellee; argued by James R. Brothers.

MESCHKE, Justice.

Roger Perala appeals from a divorce decree awarding child support to Nancy Carlson. We affirm.

Roger and Nancy were married in 1983 and had one child, Clayton. At their divorce, Roger and Nancy stipulated that Nancy would have physical custody of three-year-old Clayton. They also agreed that the presumptive amount of monthly support under NDAC 75–02–04.1–10 for one child based on

Roger's annual net income of $37,981 was $604, but Roger would pay $625 in exchange for being allowed to claim Clayton as a dependent on his tax return. *See* NDAC 75-02-04.1-09(2)(g). They did not agree before trial on whether the $625 guideline amount was rebutted by Clayton's weekly day care expense of $65.

After a three-day trial, the court granted Roger and Nancy a divorce, divided their property, and denied spousal support. In its decision, the trial court ordered Roger to pay half of Clayton's day care expense in addition to the stipulated guideline amount of support.[1] Roger moved to amend the judgment and reduce his support obligation to the guideline amount as increased for the tax exemption. The court denied the motion, and Roger appeals from the judgment.

Roger claims that the ordered child support exceeding the presumptive guideline amount is not supported by sufficient evidence or findings. Nancy argues that her "full cost of child care," a factor left open by the guidelines, justifies the increased amount of support. We agree.

■ A trial court's determination of child support is a finding of fact that will not be set aside unless clearly erroneous. *Montgomery v. Montgomery*, 481 N.W.2d 234, 235 (N.D.1992). A finding of fact is clearly erroneous if it is the result of an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction from the entire record that a mistake has been made. *Id.; Reede v. Steen*, 461 N.W.2d 438 (N.D. 1990). We conclude that child support be-

yond the guideline amount is not clearly erroneous in this case.

As directed by the Legislature, the Department of Human Services has adopted guidelines for determining the child support obligations of non-custodial parents. NDCC 14-09-09.7(1); *see also* 45 C.F.R. § 302.56. The application of these guidelines results "in an amount of child support which is presumptively correct." *Montgomery*, 481 N.W.2d at 235.[2] Under NDCC 14-09-09.7(3) (emphasis added):

> The presumption may be rebutted if a preponderance of the evidence in a contested matter establishes, *applying criteria established by the public authority which take into consideration the best interests of the child,* that the child support amount established under the guidelines is not the correct amount of child support.

■ The "full cost of child care purchased by the obligee" is not considered by the guidelines. NDAC 75-02-04.1-09(2)(f). The "hardship from unconsidered factors" standard in NDAC § 75-02-04.1-09(2) is no longer consistent with NDCC 14-09-09.7(3).[3] However, until the guidelines are amended, we agree with Roger and the Attorney General that "the factors identified as not having been considered in developing the child support guidelines schedule ... may be included as criteria established by the Department which take into consideration the best interests of the child." Attorney General Opinion 93-22 (1993). Therefore, the full cost of Clayton's day care may justify an increase from the guideline amount of support.

---

1. Roger did not object at trial that the stipulation precluded Nancy from seeking additional child support.

2. Nancy compares this case to *Montgomery*, where we held that the guidelines provided "a starting point." 481 N.W.2d at 235. However, in *Montgomery* and *Bergman v. Bergman*, the guideline presumption never arose because the "guidelines contain no table or schedule to accommodate a multifamily situation" or a monthly income exceeding $10,000. 486 N.W.2d 243, 246 (N.D.1992). The schedule applies in this case, and the guideline amounts are presumptively correct, not just a starting point.

3. This subsection was amended by 1993 N.D.Laws Ch. 152 § 12. Before this amendment, the presumptive amount of child support

under the guidelines could be rebutted only if "factors not considered by the guidelines will result in an undue hardship." NDCC 14-09-09.7(3) (1991). The legislative history of these amendments indicates that the statute was amended to conform with federal regulations. *See* Testimony of Blaine Nordwall before Senate Human Services Committee on HB 1181 (March 2, 1993). The "hardship" standard under the previous statute was inconsistent with federal regulations allowing an increase in support when the guideline amount would be "unjust or inappropriate ... as determined under criteria established by the State" that "take into consideration the best interests of the child." 45 C.F.R. § 302.-56(g).

The guidelines do not define "full cost of child care," but "rules have the force and effect of law...." NDCC 28–32–03(3). Therefore, "[w]e rely upon the principles of statutory construction when interpreting administrative rules and regulations." *Madler v. McKenzie County*, 496 N.W.2d 17, 21 (N.D.1993). "Words and phrases must be construed according to the context...." NDCC 1–02–03. Thus, the meaning of the "full cost" must be gleaned from its context.

■ The guidelines declare that the obligee parent acts as the primary caregiver of the child and that the other parent contributes child support for the child's care. NDAC 75–02–04.1–02(1). The guidelines recognize that the obligee makes "a substantial monetary and nonmonetary contribution to the child's basic care and needs by virtue of being a custodial parent." NDAC 75–02–04.1–09(1)(b). NDAC 75–02–04.1–09(2)(f) makes "full cost of child care" an "unconsidered factor." The guidelines do consider care of the child by the caregiving-obligee as a "nonmonetary contribution," but do not take into account the child care "purchased by the obligee" from a third person. Reading these regulations together, it is apparent that "full cost" means the purchased cost of child care by paid sitters. Therefore, paid child care permits departure from the guideline amount in a proper case.[4]

Roger argues that the cost of Clayton's day care is "reasonable when compared to the level of support agreed upon by the parties," so that he cannot be required to pay more for day care purchased by Nancy to enable her to work. We disagree.

■ An increase in support based on the full cost of child care need not be limited to cases where the cost exceeds the total amount of guideline support, as Roger suggests. With no spousal support for Nancy, it is in Clayton's best interests that she keep working full-time. Clayton is too young to go to school or take care of himself, and has no older siblings to help care for him while Nancy is working, so he currently needs full-

time day care. The current cost of Clayton's care greatly exceeds the amount required when he is 17, but the guideline amount of support is the same regardless of his age. Each of these factors supports the trial court's decision to require Roger to pay half of Clayton's day care expense.

■ Even if Clayton's day care expense results in increased need, Roger claims that $625 a month "is sufficient to allow [Nancy] to meet [Clayton's] needs, including the cost of day care." However, Clayton's "appropriate needs" are not limited to a "subsistence level of support," but can also be based on his standard of living. *Montgomery*, 481 N.W.2d at 236. Here, the trial court balanced Clayton's needs with Roger's ability to pay, and it properly concluded from the criteria established by the Department that the guideline amount of support was not the correct amount in this case.

If the guideline presumption has been rebutted, the trial court must make a specific finding on the record listing the presumptive amount of support, the criteria rebutting the presumption, and the correct amount of support "after application of the criteria that rebut the presumption." NDCC 14–09–09.-7(3). Roger argues that the trial court failed to make an express finding that the guideline presumption was rebutted.

■ Unlike in *Zacher v. Zacher*, 493 N.W.2d 704 (N.D.App.1992), the trial court in this case based its departure on more than just Roger's income. It specifically found that:

> He does have the ability to pay half the cost of child care. I think it's appropriate. It's justified by the guidelines and the statutes. So, therefore, he's ordered to pay half the child care costs attributable to the employment of the Defendant until the child reaches nine, it being the Court's opinion by age nine there's no longer any structured child care that's necessary usually.

---

4. Under recently proposed amendments to NDAC 75–02–04.1–9(2), the guideline amount of support could be rebutted "if a preponderance of the evidence establishes ... (f) The increased needs of children related to the cost of child care, purchased by the obligee, for reasonable purposes related to employment, job search, education, or training." (Published May 2, 1994).

The court did not use the magic words "the guidelines are hereby rebutted," but the effect of its finding is the same: the increased child care expense resulting from Clayton's preschool age and Nancy's full-time employment requires an increase in Roger's support obligation from the presumptive amount. Roger and Nancy stipulated to the "amount determined through application of the guidelines," and the full cost of Clayton's child care was clearly the criteria used by the trial court to rebut the guideline amount. A precise dollar amount for that purpose is not listed, but Roger's additional support obligation is properly limited to "child care costs attributable to [Nancy's] employment." Perhaps more precise language would be preferable, but this finding is sufficient in this case and is not clearly erroneous.

The trial court properly determined that the presumptive amount of child support under the guidelines was rebutted by the full cost of Clayton's child care. We affirm.

LEVINE and NEUMANN, JJ., concur.

VANDE WALLE, C.J., and SANDSTROM, J., concur in the result.