Jackie GRAY, Plaintiff and Appellant,

v.

Randy GRAY, Defendant and Appellee.

Civ. No. 940265.

Supreme Court of North Dakota.

Feb. 8, 1995.

Wesley Miller (argued), Grand Forks, for plaintiff and appellant; appearance by Timothy McCann.

Randy Gray, pro se.

NEUMANN, Justice.

Jackie Gray appeals from a trial court's denial of her request for an increase in child support on behalf of her son Ryan Gray. Jackie argues that the trial court improperly granted Randy Gray, her former spouse, hardship relief from the North Dakota Child Support Guidelines. We agree.

Currently, Randy Gray is paying $200 per month child support for Ryan. Based on

Randy's income and the North Dakota Child Support Guidelines in force at the time of the hearing, that level of support should increase to $346 per month. Randy testified by telephone that such an increase would be impossible for him to meet.

After his divorce from Jackie, Randy moved to California where he remarried and now has another child. The trial court granted Randy relief from the presumptive child support obligation, finding that Randy's financial situation precludes any increase because he is currently barely able to meet his necessary living expenses. The trial court's decision was based upon its determination that the North Dakota Child Support Guidelines do not take into account the basic needs of a family supported by one parent who also owes support to another child,[1] and that the guidelines fail to consider the increased costs of travel and general living expenses in an urban state such as California.

There exists a rebuttable presumption that the amount of support derived from applying the guidelines is the correct amount of child support. NDCC § 14–09–09.7(3) (Supp.1993). This presumption of correctness may be rebutted if, after taking into account the best interests of the child, a preponderance of the evidence shows that the support amount established by the guidelines is not the correct amount of child support. NDCC § 14–09–09.7(3) (Supp.1993). In *Perala v. Carlson*, 520 N.W.2d 839, 841 (N.D.1994), we recognized that the hardship-from-unconsidered-factors "standard in NDAC § 75–02–04.1–09(2) [the 1991 version] is no longer consistent with NDCC § 14–09–09.7(3)."[2] We held that until the child sup-

---

1. We note, however, that the North Dakota Child Support Guidelines effective January 1, 1995, do take into consideration the cost of supporting a child living with the obligor, who is not also a child of the obligee, even though such support is not court ordered. *See* NDAC § 75–02–04.1–06 (1995). At oral argument the appellant acknowledged that, upon remand, Randy's support would be calculated under the 1995 guidelines rather than the guidelines originally used, thereby reducing his monthly liability by $48.

2. Prior to 1993, NDCC § 14–09–09.7(3) said, in relevant part, "The presumption may be rebutted if a preponderance of the evidence in a contested

matter establishes that factors not considered by the guidelines will result in an undue hardship to the obligor or a child for whom support is sought." In 1993 that language was changed to say, "The presumption may be rebutted if a preponderance of the evidence in a contested matter establishes, applying criteria established by the public authority which takes into consideration the best interests of the child, that the child support amount established under the guidelines is not the correct amount of child support." The child support guidelines were amended on January 1, 1995, to reflect that statutory change.

port guidelines are amended to reflect the changes in NDCC § 14–09–09.7(3), " 'the factors identified as not having been considered in developing the child support guidelines schedule ... may be included as criteria established by the Department which take into consideration the best interests of the child.' " *Perala,* 520 N.W.2d at 841 (quoting N.D.Op.Att'y Gen. 93–22 (1993)).

■ The support of a second family, unless court ordered, is a factor considered by the 1991 version of the guidelines, and therefore is not deductible as a hardship adjustment. *Rueckert v. Rueckert,* 499 N.W.2d 863, 870 (N.D.1993). Likewise, "controllable living expenses of the obligor and his household are not hardships." *Hallock v. Mickels,* 507 N.W.2d 541, 545 (N.D.1993). Because these factors could not have comprised a "hardship" under the previous version of NDCC § 14–09–09.7(3), they cannot support the downward departure from the 1991 Child Support Guidelines under the current version of NDCC § 14–09–09.7(3). The trial court's reliance on these factors to support its departure is error.

■ The trial court also found that the increased travel distances and increased general subsistence expenses in an urban state such as California are not considered by the guidelines and, therefore, support the hardship departure. Upon review of the record, however, we find no evidence to support the finding that travel distances and general subsistence expenses are more in California than in North Dakota. A quick review of the general expenses which Randy incurs suggests that they probably would not be remarkable if compared to those of people living in North Dakota. However, no evidence of comparable North Dakota expenses was offered or received. "A finding of fact is clearly erroneous when it has no support in the evidence or when, although some evidence exists to support it, we are left with a definite and firm conviction that a mistake has been made." *Habeck v. MacDonald,* 520 N.W.2d 808, 813 (N.D.1994). There is no evidence to support the trial court's finding.

Reversed and remanded for further proceedings consistent with this opinion.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.