1997 ND 80

**Lana K. BERNHARDT, Plaintiff and Appellant,**

v.

**Edward BERNHARDT, Defendant and Appellee.**

**Civil No. 960205.**

Supreme Court of North Dakota.

April 22, 1997.

Arnold V. Fleck of Wheeler Wolf, Bismarck, for Plaintiff and Appellant.

Rick Maixner of Schmitz, Moench & Schmidt, Bismarck, for Defendant and Appellee.

SANDSTROM, Justice.

[¶ 1] In this child support case, we reverse and remand because the trial court made no finding of disability and failed to impute income as otherwise required, failed to award increased support because of an erroneous view of the law, and made other errors acknowledged by the parties.

I

[¶ 2] In the 1983 divorce, the district court awarded Lana Bernhardt custody of their two minor children. The court ordered Edward Bernhardt to pay $150 per month in child support. At that time, he was employed as a civil service aircraft mechanic and was a member of the North Dakota National Guard. In 1995, he suffered a mild stroke and was diagnosed with cryoglobulinemia, making him sensitive to extreme cold and sunlight. Two physicians examined Edward Bernhardt and declared him disabled. On February 3, 1996, he began receiving civil service retirement disability benefits.

[¶ 3] On October 10, 1995, Lana Bernhardt moved to modify child support. The parties do not dispute the district court separately calculating child support on a "pre-disability" and "post-disability" basis. The district court calculated the "post-disability" child support based on Edward Bernhardt's actual retirement income.

[¶ 4] Lana Bernhardt appeals from the June 6, 1996, fourth amended judgment in Burleigh County District Court. She claims the district court erred in not imputing income to Edward Bernhardt in determining "post-disability" obligation. She also claims the court erred in not allowing an upward deviation from the guidelines for children older than eleven and that this error would apply to both "pre-disability" and "post-disability" calculations.

[¶ 5] The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 6] "A trial court's findings on a motion to modify child support will not be rejected on appeal unless they are clearly erroneous." *Shaver v. Kopp,* 545 N.W.2d 170, 174 (N.D.1996); *Nelson v. Nelson,* 547 N.W.2d 741, 743 (N.D.1996); N.D.R.Civ.P. 52(a). "[A] finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Shaver; Nelson.*

[¶ 7] We are asked to address the following issues: (1) whether the district court erred in not imputing Edward Bernhardt's income in calculating child support; (2) whether the district court erred in limiting the child support award to "necessities"; (3) whether the district court erred in failing to consider supplemental disability benefits for which Edward Bernhardt may have been eligible; and (4) whether the district court erred in calculating the amount deducted from Edward Bernhardt's income for projected medical expenses.

## A

[¶ 8] With exceptions, under N.D. Admin. Code § 75–02–04.1–07(3):

"monthly gross income based on earning capacity equal to the greatest of subdivisions a through c, less actual gross earnings, must be imputed to an obligor who is unemployed or underemployed.

"a. An amount equal to one hundred sixty-seven times the hourly federal minimum wage.

"b. An amount equal to six-tenths of prevailing gross monthly earnings in the community of persons with similar work history and occupational qualifications.

"c. An amount equal to ninety percent of the obligor's greatest average gross monthly earnings, in any twelve months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided."

There is no dispute in this case that subdivision (a) would yield the greatest amount.

[¶ 9] Under N.D. Admin. Code § 75–02–04.1–07(4)(b), however, income can be imputed at an amount less than 167 times the hourly federal minimum wage if "[t]he obligor suffers from a disability sufficient in severity to reasonably preclude the obligor from gainful employment." The burden of proof is on the obligor to show the "disability [is] sufficient in severity to reasonably preclude" employment. N.D. Admin. Code § 75–02–04.1–07(4)(b); *see also Schleicher v. Schleicher*, 551 N.W.2d 766, 769 (N.D.1996) ("the party urging a deviation from the presumptively correct guideline amount … bears the burden of proof"). Under N.D. Admin. Code § 75–02–04.1–07(4), gross income *may* be imputed at an amount less than required under N.D. Admin. Code § 75–02–04.1–07(3). The use of the word "may" is permissive and indicates it is a matter of discretion. *Matter of Adoption of K.S.H.*, 442 N.W.2d 417, 420 (N.D.1989). "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable

manner." *Binder v. Binder*, 557 N.W.2d 738, 740 (N.D.1996).

[¶ 10] Although Lana Bernhardt raised the issue of imputing income, the district court did not make findings on Edward's disability. Because the factual findings of the district court are insufficient for us to conclude the court found a "disability" for purposes of imputing income, we reverse and remand for findings on this issue.[1]

## B

[¶ 11] Under N.D. Admin. Code § 75–02–04.1–09(2), the amount of child support under the guidelines may be increased if:

"[it] is in the best interest of the supported children and:

. . . .

"e. The increased needs of children age twelve and older" require an increase.

The district court made the following findings:

"a deviation [was] appropriate, but not in the amount suggested by the plaintiff. The 'increased needs' were primarily recreational/social. While the Court encourages such participation and encourages the defendant to contribute when he is able, the Court does not believe it the intent of the guidelines to force an obligor to pay for discretionary activities. The Court believes the guidelines intend increased expenses such as food and clothing."

The court's findings on increased need are findings of fact that will not be disturbed unless those findings are clearly erroneous. *Hendrickson v. Hendrickson*, 553 N.W.2d 215, 219 (N.D.1996). " 'A finding is clearly erroneous if … it was induced by an erroneous view of the law.' " *Wolf v. Wolf*, 557 N.W.2d 742, 744 (N.D.1996) (quoting *Wilhelm v. Wilhelm*, 543 N.W.2d 488, 489 (N.D.1996)).

[¶ 12] We have stated " 'appropriate needs' are not limited to a 'subsistence level of support,' but can also be based on [the child's] standard of living." *Perala v. Carl-*

---

1. We do not suggest a trial court need make the same specific findings if an obligor is under Social Security disability.

*son,* 520 N.W.2d 839, 842 (N.D.1994). We have said "the 'needs' of a child in a family with substantial income are more expansive because of the standard of living the family has enjoyed." *Montgomery v. Montgomery,* 481 N.W.2d 234, 236 (N.D.1992). "Where there are sufficient resources, children of divorce are entitled to enjoy a standard of living post-divorce comparable to that enjoyed while the family was intact." *Montgomery.* Because the "increased needs" of children eleven and older are not limited to subsistence needs, we remand for proper application of the law on this issue.

### C

[¶ 13] Edward Bernhardt conceded at oral argument the district court erred in not requiring him to apply for supplemental disability benefits. He agrees, if he qualifies for those benefits, they should be included in the calculation of his gross income for purposes of determining child support. We remand for further proceedings on this issue.

### D

[¶ 14] Edward Bernhardt also conceded at oral argument an arithmetical error in calculating the amount deducted from his income for projected medical expenses of the children. The court deducted the total amount of projected medical expenses. Under the amended judgment, however, the Bernhardts were to split the cost of the children's medical expenses not covered by insurance. We remand for further proceedings on this issue.

### III

[¶ 15] We reverse and remand for a recalculation of Edward Bernhardt's child support obligation.

[¶ 16] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.