2012 ND 260

**Michiel James NUVEEN, Plaintiff and Appellant**

v.

**Elizabeth Ann NUVEEN, Defendant and Appellee.**

**No. 20120246.**

Supreme Court of North Dakota.

Dec. 18, 2012.

Patti J. Jensen, East Grand Forks, MN, for plaintiff and appellant.

Scott D. Jensen, Grand Forks, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Michiel Nuveen appealed from a district court judgment deviating upward from the Child Support Guidelines and ordering him to pay $3,620.00 per month in child support. We affirm.

## I.

[¶ 2] Michiel Nuveen and Elizabeth Nuveen were married in July of 1991. During the course of their marriage, they had three children together. A Partial Divorce Judgment was entered on October 16, 2007. As a part of that judgment, Elizabeth Nuveen was awarded primary physical custody of all three children. At the time of the Partial Divorce Judgment, the parties stipulated that Michiel Nu-

veen's income was higher than $12,500.00 per month, which is the highest income specified in the guidelines. Michiel Nuveen's child support was set at $4,250.00 per month, the highest guidelines monthly support amount.

[¶ 3] During the summer of 2010, one of the Nuveen children began residing with Michiel Nuveen with Elizabeth Nuveen's permission. Michiel Nuveen moved the district court to modify his child support to reflect the new living arrangement. Each party submitted income and budget information for the court's consideration. Based on this information and testimony at a hearing on the motion, the district court found Michiel Nuveen's monthly income was more than $42,000.00. Therefore, Michiel Nuveen's presumptive support pursuant to the guidelines would be $3,543.00 per month, calculated based on the $12,500.00 maximum income in the guidelines. The court found Elizabeth Nuveen's monthly income was $6,191.00. Therefore, Elizabeth Nuveen's presumptive support for the one child living with Michiel Nuveen based on the guidelines would be $1,087.00. The district court then subtracted Elizabeth Nuveen's presumptive support from Michiel Nuveen's presumptive support as required by statute, and determined Michiel Nuveen's presumptive support obligation to Elizabeth Nuveen was $2,456.00 per month.

[¶ 4] After making this calculation, the court again stated that Michiel Nuveen's income is greater than the maximum set out in the guidelines, and that "the Court must make further inquiry to determine an amount appropriate to the needs of the children and the ability of the parent to pay." The court noted that Elizabeth Nuveen's budget for items like entertainment seemed quite low, and that Elizabeth Nuveen was afraid if Michiel Nuveen just paid the presumptive amount, their chil-

dren may have to forgo trips and camps they might otherwise be able to take. The court then stated:

This Court also recognizes that the parties' three minor children's needs are more expansive than the needs of a family with less substantial income. The children are used to a higher standard of living and there is no reason all three children cannot continue this standard of living subsequent to their parents' divorce, no matter with which parent they reside.

The district court found an upward deviation of Michiel Nuveen's child support would be in the best interests of the children, and ordered Michiel Nuveen to pay $3,750.00 per month to Elizabeth Nuveen, a $1,294.00 deviation. In ordering this deviation, the court noted "Michiel's increased ability to pay child support" as well as "the more expansive needs of the children."

[¶ 5] Michiel Nuveen filed a Rule 59 Motion for a New Trial on Child Support Motion or in the Alternative for Amended Findings of Fact, Conclusions of Law and Order. In the motion, Michiel Nuveen asked the court to reconsider the deviation and to correct a mathematical error in calculating Elizabeth Nuveen's income. The district court denied Michiel Nuveen's motion as to the deviation, stating:

This Court, as required by law, made further inquiry as reflected in its Memorandum Decision to determine an amount appropriate to the needs of the children and the ability of the parent to pay.... Finally, based upon all of this the Court found that an upward deviation from the minimum guideline amount is in the best interests of the minor children in Elizabeth's custody and ordered Michiel to pay child support to Elizabeth of $3,750 per month for the two minor children in her custody, which

is an upward deviation from the guideline child support amount for an obligor with a net monthly income of $12,500.

The district court granted Michiel Nuveen's motion as to the mathematical error, adding $130.00 to Elizabeth Nuveen's obligation, and therefore reducing Michiel Nuveen's ultimate obligation after the setoff to $3,620.00 per month, but maintained the same deviation. On appeal, Michiel Nuveen claims the district court erred by granting a deviation, and erred by applying the deviation after the offset.

## II.

[¶ 6] The child support guidelines established the presumptive child support obligations based on the number of children and the obligor's income. *See* N.D. Admin. Code § 75–02–04.1. The amount of the obligation calculated using the guidelines is presumed to be the correct amount. N.D. Admin. Code § 75–02–04.1–09(1). This is a rebuttable presumption. N.D. Admin. Code § 75–02–04.1–09(2). The presumption is rebutted "only if a preponderance of the evidence establishes that a deviation from the guidelines is in the best interest of the supported children," and one of the criteria set out in the code is met. *Id.* One criterion that can rebut the presumption is "[t]he increased ability of an obligor, with a monthly net income which exceeds twelve thousand five hundred dollars, to provide child support." N.D. Admin. Code § 75–02–04.1–09(2)(b).

■■■ [¶ 7] When an obligor's income exceeds this amount, "the court must make a further inquiry to determine an amount appropriate to the needs of the children and the ability of the parent to pay." *Montgomery v. Montgomery*, 481 N.W.2d 234, 235 (N.D.1992). "[T]he 'needs' addressed by child support are the children's 'appropriate needs.' " *Id.* at 236, quoting

*Heggen v. Heggen*, 452 N.W.2d 96, 102 (N.D.1990).

We say "appropriate" advisedly because it is likely that the "needs" of a child in a family with substantial income are more expansive because of the standard of living the family has enjoyed. Where there are sufficient resources, children of divorce are entitled to enjoy a standard of living post-divorce comparable to that enjoyed while the family was intact. *Heggen*, 452 N.W.2d at 102. "Children should be able to enjoy more than the subsistence level of support if the parents can afford greater amounts." *Montgomery*, 481 N.W.2d at 236.

■ [¶ 8] Here, it is undisputed that Michiel Nuveen's income far exceeds $12,500.00 per month. The district court found that a deviation would be in the best interests of the children based on the children's "more expansive needs." The district court noted Elizabeth Nuveen's testimony that the two younger children would miss out on trips, camps, and other comforts of life they used to enjoy without a deviation. The district court also noted the large disparity between the two household budgets, pointing specifically to the difference between the two budgets for entertainment. Michiel Nuveen budgeted $1,000.00 per month for entertainment, while Elizabeth Nuveen only budgeted $250.00 per month for entertainment. The district court also found Elizabeth Nuveen's budget to be lower than it should be. These findings of fact are sufficient to uphold the district court's finding that it would be in the best interests of the children to deviate upward from the presumptive child support amount.

[¶ 9] Michiel Nuveen argues that the deviation should be tied to specific needs of the children, and when considered in this light, Elizabeth Nuveen did not present enough evidence to uphold a finding

for a deviation. To support his argument, Michiel Nuveen points to *Heggen*. In *Heggen*, our Court upheld a district court's determination of a child support amount when the custodial parent argued that the non-custodial parent's income was almost all disposable income and that the non-custodial parent could afford more than the child support ordered by the court. *Heggen*, 452 N.W.2d 96, 102 (N.D.1990). Our Court upheld the ruling because "[the custodial parent] makes no argument based upon the needs of the children." *Id.*

[¶ 10] What Michiel Nuveen fails to recognize in the *Heggen* decision is the decisive role of the standard of review. In *Heggen*, our Court refused to substitute its judgment for that of the trial court when the trial court found the needs of the children would be met by the child support amount it had set. *Id.* Our Court deferred to the trial court's determination of the appropriate needs of the children. *Id.*

[¶ 11] In this case, the district court found it would be in the best interests of the children to deviate upward from the presumptive guideline amount. This is a finding of fact subject to review under the clearly erroneous standard. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Edwards v. Edwards*, 1997 ND 94, ¶ 4, 563 N.W.2d 394 (citing *Surerus v. Matuska*, 548 N.W.2d 384, 387 (N.D. 1996)). Review under the clearly erroneous standard "does not allow us to reweigh the evidence, reassess the credibility of witnesses, or substitute our judgment for a district court's initial decision." *Martire v. Martire*, 2012 ND 197, ¶ 6, 822 N.W.2d 450. There is sufficient evidence in the record to uphold the district court's finding that an upward deviation would be in the

best interests of the children. The district court's finding that an upward deviation was appropriate is not clearly erroneous.

[¶ 12] Michiel Nuveen seems to suggest that to justify a deviation, the party seeking the deviation must show the appropriate needs in specific amounts, in a line-by-line accounting fashion. Such specificity has not been required in the past, nor will we require it now. More importantly, such specificity is not required by the guidelines, which require the court only to find that the obligor's monthly income exceeds $12,500.00 per month and that a deviation would be in the best interests of the child. For example, in *Martire*, we upheld an upward deviation based on an income that exceeded the highest guideline amount when the district court simply set the obligor's support payments at 34% of his income. *Martire*, 2012 ND 197, ¶ 24, 822 N.W.2d 450. This was calculated by simply taking the percentage of income an obligor was required to pay for three children at the highest income level in the guidelines and applying that percentage to the obligor's income. *Id.*

[¶ 13] The "appropriate needs" analysis allows the court to look to the lifestyle a child may expect when the child's parents have a substantial income in order to determine an amount appropriate for the deviation. *Heggen*, 452 N.W.2d 96, 102 (N.D.1990). Its purpose is not to require specific findings of expanded needs for children of wealthier parents, but to acknowledge that "the 'needs' of a child in a family with substantial income are more expansive because of the standard of living the family has enjoyed." *Id.*

[¶ 14] Michiel Nuveen argues that the needs of the children in Elizabeth Nuveen's custody will be sufficiently met by the guidelines amount. The district court found that the children have expanded

needs that required a deviation of $1,294.00, and that Michiel Nuveen has means to afford such a deviation. This is a finding of fact that we will not reverse unless it is clearly erroneous. There is sufficient evidence in the record to support a deviation in this amount. The district court's determination of the appropriate amount of child support is not clearly erroneous.

[¶ 15] Michiel Nuveen also argues the district court erred as a matter of law by determining the deviation after offsetting the parties' presumptive child support amounts. He argues that the court determined that Elizabeth Nuveen should have no child support obligation. Michiel Nuveen cites no law that specifically requires the court to apply the deviation before the offset. To support this argument, Michiel Nuveen points to *Hanson v. Hanson*, 2005 ND 82, 695 N.W.2d 205. Michiel Nuveen suggests that, like *Hanson,* the district court in this case simply found that the presumptive amount was not enough, and deviated upward. This incorrectly states the facts in both *Hanson,* and in this case. In *Hanson,* our Court held a child support order was in error when it misapplied the guidelines, and therefore miscalculated the presumptive child support. *Id.* at ¶ 30. In this case, the court found a deviation was proper based on the best interests of the children and based on a proper criterion from the Child Support Guidelines, and found that Michiel Nuveen could afford to pay more, not that Elizabeth Nuveen should pay less. It did not misapply the guidelines, and did not err as a matter of law.

### III.

[¶ 16] We affirm the district court judgment deviating upward from the Child Support Guidelines and ordering Michiel Nuveen to pay $3,620.00 per month in child support.

[¶ 17] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.