**Pamela AAKER, Plaintiff and Appellee,**

v.

**Lanny AAKER, Defendant and Appellant.**

**Civ. No. 10426.**

Supreme Court of North Dakota.

Oct. 3, 1983.

H.H. Galloway, Grand Forks, for plaintiff and appellee; submitted on brief.

\* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section

27–17–03, N.D.C.C.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for defendant and appellant; submitted on brief.

SAND, Justice.

This is an appeal from a judgment by Lanny Aaker.

The parties were divorced on 13 April 1972. The judgment gave Pamela, the plaintiff, custody of the child and ordered Lanny, the defendant, to pay child support in the sum of $50.00 a month until the child's eighteenth birthday, or until the child is legally adopted or until further order of the court.

Almost eleven years later, Pamela, the plaintiff, moved the court to increase the amount of child support from $50.00 per month to $250.00 per month, and require the defendant, Lanny, to be responsible for all of the minor child's medical, dental, and optical expenses. This motion, supported by an affidavit setting out the need for increased child support payments together with a financial statement, showing income and expenses, was heard on 8 February 1983 at 2:00 p.m.

At the hearing on the motion to increase child support, etc., the following took place:

"MR. OHLSEN: We have arrived at an agreement to resolve the dispute between the parties. . . .

"THE COURT: Is that right . . .?

"MR. GALLOWAY: Yes, Your Honor. . . .

.        .        .        .        .

"MR. GALLOWAY: . . . Although we do feel that with our compromise, Your Honor, it's one of which my client is desirable of also and I want Mr. Ohlsen to respectfully submit that to you.

"THE COURT: What is your stipulation?

"MR. OHLSEN: . . . Paragraph IV would be changed from the sum of $50 per month to the sum of $100 per month. And in addition, that the plaintiff and defendant on any major expenses, medical expenses the defendant will share equally with the plaintiff in that sum—in those payments.

.        .        .        .        .

"MR. GALLOWAY: Your Honor, may I ask the defendant to give the proposed stipulation for us and what we would like to amend the judgment for at this time.

"THE COURT: He stated that the increase would be from $50 to $100.

"MR. OHLSEN: Plus half of the medical."

The court, on the record, did not ask the parties if they agreed to the stipulation, nor did the parties, on the record, independently state that they agreed with the stipulation.

Lanny, the defendant, was examined by both counsel for the defendant and counsel for the plaintiff, as well as the court. The court, after the examination of Lanny, inquired:

"THE COURT: Is there anything further Mr. Ohlsen?

"MR. OHLSEN: Nothing further, Your Honor.

"THE COURT: Mr. Galloway.

"MR. GALLOWAY: I just request that you approve the proposed stipulation.

"I have nothing further, Your Honor."

After a further exchange between the parties and the court, the court stated:

"So, I, of course, will approve the stipulation and order that the Judgment of April 13, 1972, in Paragraph IV be modified to increase child support payable from the defendant to the plaintiff through the Clerk of the District Court for Grand Forks County, North Dakota, to $100 per month commencing with the month of February, 1983, and to continue through the month of April, 1983, and effective with the month of May, 1983, it shall be $150.00; and further that the defendant shall pay one-half of all medical and dental expenses incurred by the child.

"The reason I'm making this $150.00 that gets it up in a little more reasonable. It should be $200 or $250 as Mr. Galloway proposed but I'm—but the Order should also provide, Mr. Ohlsen, that the Defend-

ant register with the State Employment Service and by May—you say you have worked construction—I'm not telling you to work construction but by May if there is ever a time when employment opens up in North Dakota it's May, June, July and through the summer months and so that's what I'm expecting you to do is to find yourself at least an additional part-time job so you can pay this $150.00 a month starting in May and the Order should also provide that this payment be made on or before the 5th day of each month."

Pursuant to the direction of the court, a judgment was entered incorporating the above which, among other things, required Lanny, the defendant, to pay the sum of $100.00 a month commencing with the month of February through the month of April, 1983, and commencing with the month of May the child support be increased to $150.00 per month. Lanny appealed from the judgment.

Lanny contends that the trial court committed error by increasing the child support payments beyond the amount specified in the stipulation.

No formal stipulation was submitted to the court. The only reference to a stipulation is as indicated above.

■ Oral stipulations of the parties in the presence of the court are generally held to be binding, especially when acted upon or entered on the court's records. Such a stipulation need not be signed by the parties or their attorneys. 73 Am.Jur.2d *Stipulations* § 3, p. 537.

■ Statutes and court rules requiring stipulations to be in writing do not apply to stipulations made in open court or before a master; nevertheless, the better practice is to have them reduced to writing and signed. 83 C.J.S. *Stipulations* § 4, p. 6.

■ In examining the record, we conclude that the stipulation was constructively accepted by the respective parties even though the customary formal acceptance was not accomplished. Furthermore, neither party has denied the existence of a valid stipulation.[1] We, therefore, will assume that the stipulation was agreed to by the respective parties.

While we may be in accord with the observations and comments by the court, set out supra, we, nevertheless, are concerned with the events that took place. The court stated it would approve the stipulation, but instead added significantly to it by enlarging the child support payment and other conditions. If the court had advised the parties that it would only accept the stipulation as a base but would add further financial and other requirements, then the parties would have been properly informed and would have been in a position to submit additional evidence supporting the stipulation and reasons why the stipulation was entered into and arguments accordingly. But this was not the situation. This presents the issue whether or not a judge may accept a stipulation and add more to it without first advising the parties accordingly or obtaining the consent of the parties. We have no reservations on the proposition that the court has the authority to either accept or reject a stipulation. But adding to it without first informing the parties or obtaining the consent of the parties to the stipulation is another matter. The stipulation was not as to facts to be considered by the court, but was directly concerned with what should be in the judgment. It was a stipulation resolving a dispute and, as such, related to the contents of the judgment.

■ We believe that settlement of disputes should be encouraged [2] whenever pos-

1. North Dakota Rules of Court 11.3 provides:
"No agreement or consent between the parties or their attorneys with respect to proceedings in court is binding, in case of a dispute as to its terms, unless reduced to writing and signed by the parties or their respective attorneys or made in open court and read into the record of the proceedings."

2. Vol. 15A, Am.Jur.2d, *Compromise and Settlement,* § 5, states:
"The law favors the resolution of controversies and uncertainties through compromise and settlement rather than through litigation, and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public

sible and, accordingly, the judicial process should be conducted to accomplish this whenever possible. By this we do not suggest that the judge is to be a mere rubber stamp.

If a stipulation does not affect the public and is of a private nature the judge is at greater liberty to accept it. The court may also accept in part and add to it, but only after first informing the parties of this. If the public is involved, the matter may be more difficult.

In this instance the record and the evidence do not reflect that the child is, or in all probability, will be in need of public assistance. Nor does the record reflect that the child is not receiving proper care, etc., as a result of lack of finances. If this is the situation, the record does not so indicate. The record does not reflect why the parties entered into the stipulation, nor does it reflect why Pamela stipulated to $100 per month child support, whereas her motion was for $250 per month. Pamela seems to be working more than a normal shift to provide the necessary finances.

We conclude that the court, by going beyond the stipulation entered into between the parties without first giving notice to the parties, erred in modifying the stipulation by adding additional support payments to be made by Lanny. Accordingly, the judgment must be amended to conform to the stipulation requiring $100.00 per month child support by Lanny, and also requiring Lanny to pay one-half of all medical and dental expenses incurred by the child.

The judgment is remanded for the purpose of making the necessary amendments or modifications as stated in this opinion.

No costs to either party.

ERICKSTAD, C.J., SAND, PEDERSON and VANDE WALLE, JJ., and PAULSON *, Surrogate Justice, concur.

---

policy. The universal rule is applicable in courts of equity as well as in courts of law. The courts have considered it their duty to encourage rather than to discourage parties in resorting to comprose as a mode of adjusting conflicting claims. In pursuance of the policy of the law to encourage the settlement of controversies out of court, the courts have treated a party's offer of compromise as an effort to obtain peace rather than as an admission of the validity of another party's claim, and an unaccepted offer of compromise is inadmissible as evidence of such an admission. Similarly, where two parties are engaged in a lawsuit arising out of a transaction which involved other persons, the fact that one party made a compromise with a third person cannot be received in evidence as an admission of the party's liability."