840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles H. JONES; William Curtis Adkins; Wallace L.
Rowland Jr.; Herbert Craig Armstrong; Carlton O. Toombs;
Gerald E. Sechrest; Herbert H. Michaels, Jr.; Edward R.
Jackson; Raymond E. Talley, Sr.; Clarence E. Walker, Sr.;
Samuel W. Grossman, Jr.; Wilson Moody; Theodore W.
Johnson; Donald H. Moring; Clarence E. Allgood; Harold J.
Matthews; Gerald Cook; Ted Sheahan, Plaintiffs-Appellants,
v.
BROWN & WILLIAMSON TOBACCO CORPORATION, USA, a Corporation
organized under the laws of the State of Kentucky,
Defendant-Appellee.
 No. 87-3188.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 13, 1988.
Decided: Feb. 8, 1988.
 
 Sa'ad El-Amin, for appellants.
 William Carter Younger, Stephen W. Wood, Eva Susan Tashjian-Brown, McGuire, Woods, Battle & Boothe; L. Elizabeth Foley, Brown & Williamson Tobacco Corporation, for appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants brought the actions below against their former employer, alleging age discrimination, fraud and breach of contract. On November 13, 1987, the district court entered an order dismissing the fraud claim as barred by the statute of limitations and dismissing the breach of contract claim as preempted by the Employee Retirement Income Security Act ("ERISA").
 
 
 2
 The parties then negotiated a settlement of the age discrimination claim. They presented a stipulated order of dismissal to the district court which read as follows:
 
 
 3
 The parties having stipulated pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure to dismiss, with prejudice, all claims that were or could have been raised in the above entitled action, it is hereby ORDERED that this action be, and hereby is DISMISSED WITH PREJUDICE, the respective parties to bear their costs and attorney's fees.
 
 
 4
 The order was entered by the district court on November 23, 1987.
 
 
 5
 Appellants now seek to appeal the November 13, 1987, dismissal of their fraud and breach of contract claims. Appellees have moved to dismiss on the ground that the appeal is frivolous and have asked for an award of attorney's fees and costs.
 
 
 6
 First, the November 13, 1987, order which is ostensibly being appealed gave partial summary judgment to the appellee and was not a final, appealable order. Lojek v. Thomas, 716 F.2d 675, 676 n. 1 (9th Cir.1983). However, this appeal was filed after final judgment had been entered in the form of the stipulated dismissal order of November 23, 1987. An appeal from a final judgment brings into question all previous rulings leading to the judgment. DeDampitan v. Administrator of Veterans Affairs, 516 F.2d 708 (D.C.Cir.1974). If the final judgment in this case had been a judgment on the merits, appellants could have appealed the November 13 order. Because appellants have voluntarily dismissed by stipulation all claims presented in this suit, they are unable to appeal the November 13 order.
 
 
 7
 Under Fed.R.Civ.P. 41(a), the voluntary dismissal of an action by stipulation of the parties completely terminates the litigation. Nothing remains pending in the court and no further proceedings are proper. Long v. Board of Pardons and Paroles of Texas, 725 F.2d 306 (5th Cir.1984). In this case, the stipulated dismissal order specifically states that "all claims that were or could have been raised" in the action are to be dismissed. Appellants have, therefore, lost the opportunity to appeal any of the claims brought in this action. See Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986) (plaintiff may not appeal voluntary dismissal); Evans v. Calmar S.S. Co., 534 F.2d 519 (2d Cir.1976); United States Business Communications v. Racal-Milgo, Inc., 591 F.Supp. 1172, 1184 (D.Kan.1984). Accordingly, appellees' motion to dismiss is granted. The motion for sanctions sought under Fed.R.App.P. 38 is denied.
 
 
 8
 DISMISSED.