**Dennette F. AANDERUD, Plaintiff and Appellant,**

v.

**Wayne P. AANDERUD, Defendant and Appellee.**

Civ. No. 900379.

Supreme Court of North Dakota.

May 7, 1991.

Maureen White Eagle, of Foughty, Christianson, White Eagle & Berg, Devils Lake, for plaintiff and appellant.

Ella Van Berkom, of Ella Van Berkom Law Firm, Minot, for defendant and appellee.

VANDE WALLE, Justice.

Dennette Aanderud appealed from that part of a divorce decree which places restrictions on her residency. We reverse that part of the judgment from which Dennette has appealed.

---

Dennette and Wayne Aanderud were married in 1984. They had a son during that marriage, Adam Wayne. During their divorce .hearing, Wayne and Dennette entered an oral stipulation as to all matters concerning the divorce, including an agreement that Dennette would have physical custody of Adam, who at the time of the hearing was two years old, with liberal visitation rights for Wayne.

During the uncontested proceedings, the court was informed that Dennette was currently renting an apartment for her and Adam in Maddock, but that she and Adam did spend a considerable amount of time at the farm of Dennette's boyfriend. The stipulation did not require Dennette to continue renting the apartment or otherwise restrict her place of residence, and these matters were not put at issue by the parties. The court accepted and adopted the stipulation on all matters, specifically finding it "to be reasonable and equitable." However, the judgment included the following provision, from which Dennette appealed, placing restrictions on her residence:

> "The Plaintiff shall maintain her own separate place of residence for herself and the minor child for a period of 18 months from and after entry of judgment herein."

Dennette requested the trial court to eliminate the residency restriction. The trial court denied her request, concluding that it was in Adam's best interest to have Dennette maintain her own separate residence because that requirement would "delineate a *clearer* identity for Adam that his father is Wayne" and would allow Wayne to have an "optimal opportunity to maintain a father-son relationship."

In *Aaker v. Aaker*, 338 N.W.2d 645, 647–648 (N.D.1983), we discussed stipulations:

> "Oral stipulations of the parties in the presence of the court are generally held to be binding, especially when acted upon or entered on the court's records.
>
> *     *     *     *     *     *
>
> "We have no reservations on the proposition that the court has the authority to either accept or reject a stipulation. But

adding to it without first informing the parties or obtaining the consent of the parties to the stipulation is another matter.

*     *     *     *     *     *

> "If a stipulation does not affect the public and is of a private nature the judge is at greater liberty to accept it. The court may also accept in part and add to it, but only after first informing the parties of this."

We concluded in *Aaker, supra,* that the trial court committed reversible error by increasing child support payments beyond the parties' stipulated amount where the court did not give notice to the parties of its intent to modify the stipulation.

A similar situation is presented in this case. The stipulation, which the court specifically adopted, did not provide a residency restriction, and in open court Wayne testified that the stipulation did not leave any matter unresolved. We conclude that, under the circumstances of this case, the trial court erred in imposing residency restrictions beyond the parties' stipulation without first giving them notice and an opportunity to present relevant evidence on the issue.

It is well settled that a trial court's determinations on matters of child custody are treated as findings of fact that will not be set aside on appeal unless they are clearly erroneous. *Bashus v. Bashus*, 393 N.W.2d 748 (N.D.1986). A finding is clearly erroneous when there is no evidence in the record to support it. *E.g., Wright v. Wright*, 431 N.W.2d 301 (N.D.1988). Here, most probably because there was no notice to the parties that the trial court would go beyond the stipulation, the record contains no evidence to demonstrate that the absence of a residency restriction would be harmful to Adam or to show why the restriction is necessary to promote Adam's best interests. We conclude that the residency restriction imposed by the court in this case, although well intended, is a clearly erroneous restriction and should be set aside.

We reverse that part of the judgment appealed from and remand with instructions that the residency restriction be deleted from the judgment.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.