**Adele Louise (nee Swiontek) HAUS, Plaintiff and Appellant,**

v.

**Charles Louis HAUS, Defendant and Appellee.**

**Civ. No. 910195.**

Supreme Court of North Dakota.

Jan. 9, 1992.

Naomi H. Paasch of Strehlow, Bryan and Paasch, Casselton, for plaintiff and appellant.

John D. Bullis of Lies, Bullis and Grosz, Wahpeton, for defendant and appellee.

VANDE WALLE, Justice.

Adele Louise Haus appealed from a judgment of divorce, challenging that portion of the judgment which grants custody of her daughter, Christine, to her former husband, Charles Louis Haus, and grants her restricted visitation rights. We affirm.

Adele and Charles were married in 1986, and Christine was born during the marriage. In 1989 Adele began this divorce proceeding. A hearing was held on the custody issue in January 1990. Among the witnesses, the court heard from Dr. Allan Zimmerman, a clinical psychologist, who had conducted psychological evaluations of Adele and Charles; and Joyce Johnson, the guardian ad litem representing Christine. Noting the recommendation of the guardian ad litem, and concerns raised by Dr. Zimmerman, the trial court found that it was in Christine's best interest that Charles be given custody. The court specifically noted its concern over a report of inappropriate sexual contact between Adele and Christine and whether Adele would respect Charles's role as the custodial parent. Accordingly, the court retained jurisdiction of the visitation issue and ordered a reconsideration in 90 days. In the interim, the court directed both parents to receive counseling or instruction on co-parenting, and that Adele be further evaluated by a mental-health professional approved by the court.

Adele's proposed professional evaluator was rejected by the court. She retained a new attorney and fired her old attorney, and the new attorney resubmitted Adele's proposed professional who had been rejected by the court. Eventually, Adele secured the approval of Dr. Helen Wilson who evaluated her as directed by the court. The rehearing was not held until January 1991.

At the rehearing, testimony was offered by Dr. Wilson and other mental-health professionals. Following this rehearing of the visitation issue, the trial court found that Adele's conduct in the interim between the two hearings was consistent with Dr. Zimmerman's original analysis which suggest-

ed that Adele would not accept the fact that Charles was given custody of Christine. In an effort to substantiate her claims that Charles's conduct with Christine was inappropriate, Adele subjected Christine to multiple intrusive examinations by medical professionals, and at least one male non-professional. The court found these examinations contrary to Christine's best interest. Accordingly, the court declined to extend Adele's visitation rights beyond two days a week or to remove the prohibition on over-night visitations.

In the initial child-custody determination the standard the trial court is to follow is that of the best interests and welfare of the child. *Freed v. Freed,* 454 N.W.2d 516 (N.D.1990). What is in the child's best interest is the single issue to be determined. *Id.* The trial court is vested with substantial discretion in matters of custody and in the determination of what is in the best interests of the child, so long as it considers and evaluates all factors that affect those best interests and welfare as enumerated in Section 14–09–06.2, NDCC. *Freed, supra.*

A determination of the custody of the children is reviewed by this court pursuant to Rule 52(a), NDRCivP and we will reverse the custody determination only if it is clearly erroneous or we believe a mistake has been made. *E.g., Aanderud v. Aanderud,* 469 N.W.2d 154 (N.D.1991). A finding is clearly erroneous only if there is no evidence to support it. *Aanderud, supra.*

Adele attacks the "competence" of the witnesses whose testimony supports the court's findings. Adele did not object to their testimony at the hearings, and does not now attack the admissibility of their opinions. Rather, Adele attacks the weight given to the testimony of these witnesses.

There was conflicting testimony from the various mental-health and counseling professionals. In its initial memorandum opinion and findings, the trial court evaluated each of the statutory factors and found either that they favored neither parent, favored Charles, or were not applicable.

The trial court found Charles's mental-health was superior to Adele's and that Charles would provide Christine with the more stable home. The court identified two areas of special concern: Adele's ability to accept Charles's continuing role as Christine's parent and her understanding of what was appropriate parent-child contact. A second hearing was ordered to address these specific concerns. At that rehearing, the court was again presented with conflicting testimony. We may have viewed the evidence presented at the two hearings and weighed it differently against the statutory factors had we been the trier of fact. But that is not the standard on appeal, and we will not reverse a decision of the trial court simply because we would have done differently had we been the trial court. *See e.g. Wolf v. Wolf,* 474 N.W.2d 257 (N.D.1991).

Adele also challenges the court's finding respecting visitation. The matter of a non-custodial parent's visitation rights is also governed by the best interests of the child standard. *Muraskin v. Muraskin,* 336 N.W.2d 332 (N.D.1983). A trial court's determination on visitation is treated as a finding of fact which will not be reversed unless clearly erroneous. *Quirk v. Swanson,* 368 N.W.2d 557 (N.D.1985).

Visitation between a child and the non-custodial parent is legally recognized to be in the best interests of the child. *Healy v. Healy,* 397 N.W.2d 71 (N.D.1986). Because of the long-term consequences, an order denying or severely restricting the right to visitation must be based on a preponderance of the evidence. *Id.* The factors and concerns that led the court to grant custody to Charles also led the court to set Adele's minimum visitation rights at two days a week with a prohibition against over-night visits. We are concerned with the limitations on visitation, but much of the expert testimony that supported the custody finding also supports the visitation finding.

Charles has been given custody of Christine; Adele may visit Christine two days a week. Reviewing the whole record, we are not left with a definite and firm conviction

that a mistake has been made. The judgment of the trial court is affirmed.

ERICKSTAD, C.J., MESCHKE, J., and VERNON R. PEDERSON, Surrogate Judge, concur.

PEDERSON, Surrogate Judge, sitting with the Court due to the resignation, effective November 20, 1991, of the Honorable H.F. GIERKE.

LEVINE, J., concurs in result.