Filed 8/18/98 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1998 ND 147

Shirley Hageness,                  Plaintiff and Appellant

       v.

Harlow Hageness and Hartley

Hageness, Personal Representatives

of the Alice Hageness Estate, Defendants and Appellees

Civil No. 980034

Appeal from the District Court of Pierce County, Northeast Judicial District, the Honorable Donovan Foughty, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Paul M. Probst, Schoppert Law Firm, Northland Professional Building, 600 22nd Avenue NW, Minot, ND 58701, for plaintiff and appellant.

J. Philip Johnson, Wold Johnson, P.C., 400 Gate City Building, P.O. Box 1680, Fargo, ND 58107-1680, for defendants and appellees.

Hageness v. Hageness, et al.

Civil No. 980034

VandeWalle, Chief Justice.

[¶1] Shirley Hageness filed a breach of contract action against the personal representatives of the Alice Hageness Estate.  The purportedly breached contract was a stipulation signed by the parties' attorneys, which resulted in a dismissal of Shirley Hageness's claim against the estate.  Shirley Hageness appealed from the Judgment of the Pierce County District Court dismissing her breach of contract action with prejudice.  We affirm.

I

[¶2] Shirley Hageness is married to Elvern Hageness, the oldest son of Alice and Melvin Hageness.  Melvin Hageness died in 1987.  Alice Hageness died in 1990.  Before their deaths, Alice and Melvin Hageness required varied levels of assistance for their personal needs.  Shirley Hageness provided home health care and other assistance, allowing Alice and Melvin Hageness to remain on the farm until their deaths.  Shirley Hageness was not compensated for her services.

[¶3] When Alice Hageness died, Shirley Hageness was not included in the disposition of the estate in the will.  Under her will, Alice Hageness gave her sons, Harlow and Hartley Hageness, and her daughter, Sharon Voeller, a fee simple absolute in different parcels of land.  Shirley Hageness's husband, Elvern Hageness, received a life estate, with the remainder to his children.  Shirley Hageness was left out of the will.

[¶4] Shirley Hageness filed a claim against the estate in the amount of $98,640.00 for services she rendered to Alice and Melvin Hageness during their lifetime.  Personal Representatives Harlow and Hartley Hageness disallowed the claim.  Before formal court proceedings, Shirley Hageness and the personal representatives, through their respective attorneys, entered into an agreement entitled “
STIPULATION DISMISSING CLAIM
,” which provided:

“That the claim filed by [Shirley Hageness] is hereby withdrawn and respective counsel agree that the matter although unresolved, is a matter that will be resolved by the parties without court intervention.”

*     *     *

“Counsel agree that an Order dismissing the claim should be entered by the court.”

In accord with the signed stipulation, the district court dismissed Shirley Hageness's claim against the estate with prejudice.  
See
 N.D. R. Civ. P. 41(a) (providing for dismissal of an action by stipulation).

[¶5] After the dismissal, Shirley Hageness's claim against the estate remained unresolved.  Eventually, on November 21, 1996, Shirley Hageness filed a “Motion to Vacate Order and Stipulation.”  
See
 N.D. R. Civ. P. 60(b) (providing for relief from a final judgment or order).  On the same day, Shirley Hageness filed a separate action claiming breach of contract.

[¶6] The district court denied Shirley Hageness's Rule 60(b), N.D. R. Civ. P., motion to vacate the order entered by stipulation.  After a bench trial on the breach of contract suit, the district court concluded the services Shirley Hageness rendered to Melvin and Alice Hageness were gratuitous and dismissed Shirley Hageness's breach of contract action with prejudice.

[¶7] Shirley Hageness did not appeal the district court's denial of her Rule 60(b), N.D. R. Civ. P., motion to vacate.  
See
 
Nastrom v. Nastrom
, 1998 ND 142 (appealing from denial of a Rule 60(b), N.D. R. Civ. P., motion for relief from a final judgment or order).  Instead, Shirley Hageness appealed from the Judgment dismissing her separate breach of contract action.  We conclude the district court correctly dismissed the breach of contract action.

II

[¶8] Although, in the present case, Shirley Hageness seeks relief in a separate action for breach of a stipulation, rather than a Rule 60(b) proceeding, some discussion concerning the separate action in relation to 60(b) is necessary.

A. 
“Independent Actions” Preserved by Rule 60(b)

[¶9] North Dakota adopted Rule 60, N.D. R. Civ. P., from the corresponding federal rule.  
North Shore, Inc. v. Wakefield
, 542 N.W.2d 725, 727 (N.D. 1996) (noting also that a North Dakota court will give deference to an interpretation of the Federal Rule 60 when it construes our own rule); Explanatory Note to Rule 60, N.D. R. Civ. P.  
Compare
 N.D. R. Civ. P. 60 
with
 F. R. Civ. P. 60.  Rule 60(b) permits a court to relieve a party of a final judgment or 

order upon a showing of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud or any other reason justifying relief.

[¶10] The adoption of Rule 60(b), N.D. R. Civ. P., “does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . .”  However, as this Court recognized in 
Hamilton v. Hamilton
, 410 N.W.2d 508, 513 n.4 (N.D. 1987), the “independent action” preserved under Rule 60(b) is an “independent action in equity to obtain relief from judgment.”  Although an “independent action” may be preserved by Rule 60(b), it “may be had only rarely, and then only under unusual and exceptional circumstances.”  11 Charles Alan Wright, et al., 
Federal Practice and Procedure
 § 2868, p. 397-98 (1995).  
See also
 12 James Wm. Moore, et al., 
Moore's Federal Practice
 § 60.21[2], p. 60-49 (3d ed. 1998) (stating “the historical remedy of an independent action is extremely limited,” and a court will set aside a judgment on the basis of an independent action only with great reluctance).  As this Court recognized in 
Hamilton
, 410 N.W.2d at 517, an “independent action” is not available when a party should have sought relief from the judgment through a procedural motion.  Thus, when Rule 60(b) is available, an “independent action” is not.

[¶11] In the present case, Shirley Hageness has not asked us to set the judgment aside.  Thus, she does not seek relief through a Rule 60(b) proceeding or an “independent action in equity to obtain relief from judgment” preserved under that rule.  Rather, as we next discuss, Shirley Hageness's action is for specific performance of a stipulation between two parties.

B. 
Hageness's Action for Breach of Contract Based on a Stipulation

[¶12] Although we conclude this is not a Rule 60(b) proceeding or an “independent action in equity to obtain relief from judgment,” we recognize that the stipulation between Shirley Hageness and the personal representatives was the basis for the dismissal of Shirley Hageness's action by the district court.  To that extent, Shirley Hageness's action, like her Rule 60(b) motion, is an attempt to place her in the same position she was in before the dismissal.

[¶13] In the present case, Shirley Hageness has brought an action for breach of contract based on the stipulation.  In 
Lawrence v. Lawrence
, 217 N.W.2d 792, 796 (N.D. 1974), this Court discussed the difference between contractual stipulations and contracts:

“Generally, stipulations are either procedural or contractual in nature. Procedural stipulations are aimed at facilitating the course of a lawsuit.  They simplify proof or foreshorten procedural requirements.  Contractual stipulations affect the subject matter of a lawsuit.  They deal with the rights or property at issue.  They are styled stipulations only because they occur in connection with litigation.  In essense [sic] they are contracts and are entitled to all the sanctity of a conventional contract.  
Thayer v. Federal Life Ins. Co.
, 217 Wis. 282, 258 N.W. 849, 850 (1935).  
The essential distinction between contractual stipulations and contracts lies in the remedy.  The court retains management and control over all stipulations.  Remedies can be sought and relief afforded in that same action rather than starting afresh with another lawsuit. 
 
Goldstein v. Goldsmith
, 243 App. Div. 268, 276 N.Y.S. 861 (N.Y. 1935)[.]”

(Emphasis added).
(footnote: 0)  
See also
 
Graen's Mens Wear, Inc. v. Stille—Pierce Agency
, 329 N.W.2d 295, 300 (Iowa 1983) (stating stipulations are of two kinds:  (1) admissions of fact that relieve a party of the requirement of making proof, and (2) a concession of some right as consideration in a contract).  However, this case does not involve the “contractual stipulation” we discussed in 
Lawrence
, 217 N.W.2d at 796.

[¶14] We recognized a further distinction in 
Sullivan v. Quist
, 506 N.W.2d 394, 399 (N.D. 1993), that is, a stipulation, fully accepted and incorporated into a judgment, ceases to be independently viable and enforceable.  It is merged into the final judgment of the court and is no longer a separate contract between the parties.  
Id.
  Consequently, failure to fulfill the requirements of the merged stipulation must be remedied through enforcement of the court's judgment, not in a breach of contract action.  
See
 
Lawrence
, 217 N.W.2d at 796.

[¶15] Unlike 
Sullivan
, here, the district court merely dismissed Shirley Hageness's action with prejudice.  While the stipulation resulted in dismissal, the court did not require in the judgment of dismissal that the parties resolve the matter.  Indeed, the stipulation called for resolution “without court intervention.”  Thus, Shirley Hageness is not prevented from maintaining an action for breach of contract.

III

[¶16] Although Shirley Hageness is entitled to bring a separate action for breach of contract, she is not entitled to prevail.  The “contract” embodied in this stipulation is essentially an unenforceable agreement to agree.  
See
 
Clooten v. Clooten
, 520 N.W.2d 843, 848-49 (N.D. 1994) (noting statement by former spouse to “work something out” was unenforceable agreement to agree); 
Super Hooper, Inc. v. Dietrich & Sons, Inc.
, 347 N.W.2d 152, 155-56 (N.D. 1984) (reasoning agreements to agree are “rarely enforceable”).  
But see
 
Lire, Inc. v. Bob's Pizza Inn Rest., Inc.
, 541 N.W.2d 432, 434 (N.D. 1995) (recognizing an agreement to agree is enforceable if its terms are reasonably definite and certain); 
Coldwell Banker v. Meide & Son, Inc.
, 422 N.W.2d 375, 380-81 (N.D. 1988) (concluding agreement to agree was enforceable when parties fulfilled their promise to agree).  In the stipulation, the parties merely agreed that the matter “will be resolved by the parties without court intervention.”  Beyond that vague statement of future intention, the stipulation contains no enforceable terms.  For example, one “resolution” of the problem would be that Shirley Hageness would receive nothing; her position is, obviously, that a “resolution” means she would receive part of the estate.  But that is not what the stipulation requires.

[¶17] Because the contract was an unenforceable agreement to agree, we hold the district court properly dismissed Shirley Hageness's separate action for breach of a stipulated contract.

[¶18] We affirm.

[¶19] Gerald W. VandeWalle, C.J.

Herbert L. Meschke

Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

FOOTNOTES
0:     
  
Despite the broad control discussed in 
Lawrence
, 217 N.W.2d at 796, a court does not retain management and control over a stipulation when the case has been dismissed.  When a district court dismisses an action, it relinquishes subject-matter jurisdiction over the merits of the case.  
See
 
Albrecht v. Metro Area Ambulance
, 1998 ND 132, ¶¶ 13-14 (holding a district court lost subject-matter jurisdiction over the merits of the case when it issued an order of dismissal without prejudice); 
cf.
 
Jones v. Brown & Williamson Tobacco Corp., U.S.A.
, No. 87-3188, 1988 U.S. App., 1988 WL 12238 (4th Cir. Feb. 8, 1988) (unpublished) (concluding a voluntary dismissal of an action by stipulation completely terminates the litigation and the opportunity to appeal).  Consequently, in order to provide a remedy for breach of a stipulation when the action has been dismissed, the district court must reacquire jurisdiction by vacating the final judgment or order of dismissal.  
See
 N.D. R. Civ. P. 60(b).