2016 ND 74

**Jerry LUMLEY and Linda Lumley, Plaintiffs and Appellants**

v.

**Elaine KAPUSTA, Defendant and Appellee.**

No. 20150228.

Supreme Court of North Dakota.

April 12, 2016.

Erin M. Conroy, Bottineau, N.D., for plaintiffs and appellants.

William E. Bergman, Minot, N.D., for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1]   Jerry and Linda Lumley appealed from a judgment dismissing their action against Elaine Kapusta for specific performance of an oral contract to convey real property located in Mountrail County. Because the district court's finding that there was no enforceable oral contract between the parties is not clearly erroneous, we affirm the judgment.

### I

[¶ 2]   The Lumleys were long-time tenant farmers of Kapusta's property in Mountrail County.  Kapusta resided in Virginia and wanted to sell her North Dakota property.  Linda Lumley and Kapusta had telephone conversations in 2012 about the Lumleys purchasing some of the property.  Linda Lumley told Kapusta she would obtain an appraisal of the property. Dacotah Bank conducted an "Agricultural Real Estate In–House Evaluation," which specifically warned "[t]his evaluation is not an appraisal," and valued the property at $525,827.  Butch Haugland, who is not a licensed appraiser, also conducted an evaluation and valued the property $60,000 higher than the bank's valuation.

[¶ 3]   Based on the bank's valuation, the Lumleys sent Kapusta a cashier's check for $525,827, deeds to be executed by Kapusta, and a note instructing her that "[t]he purchase of all the property is contingent upon all documents being signed, notarized, and returned the same day as signed."  Kapusta endorsed and deposited the check in a bank and signed the deeds, but did not return the executed deeds to the Lumleys.  According to Kapusta and her daughter, they telephoned Linda Lumley and told her they did not understand why there had been no appraisal of the property and they wanted one performed. Shortly afterward, Kapusta returned the money to the Lumleys.

[¶ 4]   The Lumleys sued Kapusta for specific performance of their alleged oral contract to convey the property.  Following a bench trial, the district court found there was no enforceable oral contract between the parties, but only an offer by the Lumleys to purchase the property, which

was rejected by Kapusta. The court dismissed the action.

## II

[¶ 5] The Lumleys argue the district court erred in ruling no enforceable oral agreement for the sale of the property existed between the parties.

[¶ 6] The existence of an oral contract and the extent of its terms are questions of fact which will not be overturned on appeal unless they are clearly erroneous. *See Broten v. Broten,* 2015 ND 127, ¶ 9, 863 N.W.2d 902; *RRMC Constr., Inc. v. Barth,* 2010 ND 60, ¶ 7, 780 N.W.2d 656. In *Broten,* at ¶ 9, we explained:

> A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. A district court's choice between two permissible views of the evidence is not clearly erroneous, and simply because we may have viewed the evidence differently does not entitle us to reverse the district court. We give due regard to the district court's opportunity to assess the witnesses' credibility, and we do not second guess the court on its credibility determinations nor do we reweigh the evidence.

(Internal quotations and citations omitted). A mere preponderance of the evidence is insufficient to establish the terms and existence of a claimed oral contract; rather, the claimed oral contract must be established by clear and unequivocal evidence that unmistakenly points to the existence of the claimed agreement instead of some other relationship. *See Kost v. Kraft,* 2011 ND 69, ¶ 7, 795 N.W.2d 712.

[¶ 7] An oral contract can be enforced only when the parties have agreed on its essential terms. *See Knorr v. Norberg,* 2014 ND 74, ¶ 11, 844 N.W.2d 919. The purchase price is an essential term that must be identified and agreed upon to form a valid contract for the sale of real property. *See, e.g., Jones v. Equipment King Int'l,* 287 Ga.App. 867, 652 S.E.2d 811, 813 (2007); *Application of Sing Chong Co., Ltd.,* 1 Haw.App. 236, 617 P.2d 578, 581 (1980); *Snyder v. Miniver,* 134 Idaho 585, 6 P.3d 835, 837 (Idaho Ct.App.2000); *Wolvos v. Meyer,* 668 N.E.2d 671, 677 (Ind.1996); *Zurcher v. Herveat,* 238 Mich.App. 267, 605 N.W.2d 329, 342 (1999); *Estate of Looney,* 975 S.W.2d 508, 515 (Mo.Ct.App.1998); *Earls v. Corning,* 207 Or.App. 706, 143 P.3d 243, 247 (2006); *Trowbridge v. McCaigue,* 992 A.2d 199, 203 (Pa.Super.2010). As we said in *Linderkamp v. Hoffman,* 1997 ND 64, ¶ 5, 562 N.W.2d 734, "[t]o be specifically enforceable, '[a] contract must fix the price or consideration clearly, definitely, certainly, and unambiguously, or provide a way by which it can be fixed with certainty.'" (quoting *Mandan–Bismarck Livestock Auction v. Kist,* 84 N.W.2d 297, 301 (N.D. 1957)); *see also* 10 Richard A. Lord, *Williston on Contracts,* § 29:14 (4th ed.2011); 81A C.J.S. *Specific Performance* § 31 (2015).

[¶ 8] There is no evidence that the parties actually agreed on a purchase price for the property. When asked at trial what price she was going to pay for the property, Linda Lumley testified "I told her it was over $500,000. I didn't have an exact amount until, I suppose in my head, the day I wrote the check out, is when I had the figure in my head completely." Significantly, no actual appraisal of the property was performed, and the contingencies imposed by the Lumleys in the note accompanying the cashier's check were not followed by Kapusta.

[¶ 9] The district court reasoned:

The Court finds that the evidence presented by the Lumleys did not clearly and unequivocally establish that there was an agreed upon purchase price for the Subject Property, as is required in order for an oral contract to be enforceable.

There could have been no meeting of the minds as to price when it was Ms. Lumley who decided what amount to send to Ms. Kapusta. The Court finds, therefore, that sending Ms. Kapusta checks in arbitrary amounts and making their deal "contingent upon all documents being signed, notarized and returned the same day as signed" was an offer, not an enforceable oral contract. The fact that Ms. Kapusta cashed and deposited the checks from the Lumleys and signed the deeds was not sufficient to establish her acceptance of the offer. Ms. Kapusta not only returned the amount sent to her by the Lumleys indicating her rejection of the Lumleys' offer, she did not return the deeds, as Ms. Lumley had instructed in the note that accompanied the Lumleys' checks.

For these reasons, the Court finds there was not an enforceable oral contract and, therefore, that the remedy of specific performance is not available to the Lumleys.

[¶ 10] We conclude the district court's findings of fact are not clearly erroneous. Because there was no enforceable oral contract between the parties, the district court did not err in dismissing the Lumleys' specific performance action.

### III

[¶ 11] Our resolution of this case makes it unnecessary to address whether there was partial performance sufficient to avoid the statute of frauds under N.D.C.C. § 9-06-04(3). The judgment is affirmed.

[¶ 12]    DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ.