# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 189

Daniel Tarver,                                   Plaintiff, Appellee and Cross-Appellant

v.

Sarah Tarver,                                    Defendant, Appellant and Cross-Appellee

No. 20190073

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Amanda J. Welder, Bismarck, ND, for plaintiff, appellee and cross-appellant.

Thomas M. Jackson, Bismarck, ND, for defendant, appellant and cross-appellee.

**VandeWalle, Chief Justice.**

[¶1]    Sarah Tarver appealed from a district court judgment dividing her and Daniel Tarver's marital estate and establishing spousal and child support. We conclude the district court erred in its determination of spousal support. We reverse and remand on the issue of spousal support.

I

[¶2]    Sarah and Daniel Tarver were married in January 2000 and Daniel Tarver filed for divorce in June 2017. On July 10, 2018, the parties appeared for trial but requested, and were given, an opportunity to agree on settlement terms. When they returned, the parties stated "they may have reached an agreement" and "put on the record what they believed to be their mutual understanding of their settlement agreement." However, there were multiple issues the parties did not reach an agreement on or decided to "fight . . . out down the road."

[¶3]    Concerned the agreement may not be finalized, Sarah Tarver's attorney requested the court "maintain a trial date." When asked if they wanted two days for trial if "things fall apart," Sarah Tarver's attorney stated "I think we've got an agreement on most of the issues . . . Except the ones that would fall apart" and that the parties were "going to try to get [the agreement] done tomorrow during the time we have set for this trial." The court ended the July hearing by stating:

> So it's on the record, but when you get to the details, hopefully it's satisfactory. . . . if you can work things out among yourselves fairly, it's probably better for you in the long run . . . Well, best of luck, and hopefully everything works out for the parties.

The parties were unable to reach a finalized settlement agreement. After the parties' settlement discussions failed, Sarah Tarver moved the court to make findings of fact and conclusions of law based on the stipulations read into the July 10 record. The

court denied the motion, stating that "final details needed to be worked out between the parties and it was the mutual understanding of all involved that if the details were not resolved a trial would be held."

[¶4] Trial on all issues occurred October 18, 2018. In its memorandum opinion, the court noted Sarah Tarver requested the court enforce the July 10 stipulations while Daniel Tarver opposed the request. The court found that while both parties were hopeful a final settlement would be reached they also requested another trial date in the near future in case they could not reach a final agreement.

[¶5] In its judgment, the court awarded Sarah Tarver $8,800 per month in permanent spousal support and ordered Daniel Tarver pay $5,000 per month in child support. Although it was included in Sarah Tarver's proposed settlement, the court did not require Daniel Tarver to maintain insurance to secure his support obligations. Additionally, the court accepted Daniel Tarver's valuation of the parties' vehicles, personal property, and debts, including Sarah Tarver's pension.

[¶6] On appeal, Sarah Tarver argues the court erred by not enforcing the July 10 stipulations; in its property distribution; in valuing her pension; by not requiring Daniel Tarver to insure his support obligations; and in determining spousal support. Daniel Tarver cross-appealed on the issue of spousal support.

II

[¶7] Sarah Tarver argues that under N.D.R.Ct. 11.3, the district court was required to follow the stipulations read into the July 10 record. N.D.R.Ct. 11.3 states:

> No agreement or consent between the parties or their attorneys with respect to proceedings in court is binding, in case of a dispute as to its terms, unless reduced to writing and signed by the parties or their respective attorneys or made in open court and read into the record of the proceedings.

However, before this Court may determine whether Rule 11.3 applies, we must determine whether the stipulations read into the record were an enforceable agreement between the parties.

2

[¶8] In divorce proceedings, a district court is required to equitably distribute the parties' property and debts, including recognizing valid settlement agreements. *Eberle v. Eberle*, 2009 ND 107, ¶ 15, 766 N.W.2d 477. "Oral stipulations of the parties in the presence of the court are generally held to be binding, especially when acted upon or entered on the court's records." *Aaker v. Aaker*, 338 N.W.2d 645, 647 (N.D. 1983). However, stipulations must comply with the law of contracts. *See Eberle*, at ¶ 17 (requiring a party justify setting aside a stipulation under the law of contracts); *see also Lawrence v. Lawrence*, 217 N.W.2d 792, 796 (N.D. 1974) (the essential distinction between stipulations and contracts lies in the remedy).

[¶9] The existence of an oral contract and the extent of its terms are questions of fact which will not be overturned on appeal unless they are clearly erroneous. *Lumley v. Kapusta*, 2016 ND 74, ¶ 6, 878 N.W.2d 65. "Courts will not enforce a contract which is vague, indefinite, or uncertain, nor will they make a new contract for the parties." *Stout v. Fisher Industries, Inc.*, 1999 ND 218, ¶ 11, 603 N.W.2d 52. An oral contract can be enforced only when the parties have agreed on its essential terms. *Lumley*, at ¶ 7. "An agreement which is so uncertain and incomplete as to any of its essential terms that it cannot be carried into effect without new and additional stipulations between the parties is not enforceable." *Stout*, at ¶ 11. "Indefiniteness as to any *essential element* of the agreement may prevent the creation of an enforceable contract." *Holbach v. Holbach*, 2010 ND 116, ¶ 11, 784 N.W.2d 472 (emphasis in original). "An agreement to agree in the future which is not sufficiently definite to enable a court to give it an exact meaning is not an enforceable obligation." *Stout*, at ¶ 12; *see Hageness v. Hageness*, 1998 ND 147, ¶ 16, 582 N.W.2d 661 (an agreement to agree without enforceable terms is not a valid stipulation).

[¶10] Here, the district court found the stipulations read into the record were not a final settlement agreement and the Tarvers were unable to finalize an agreement after further negotiation. The court found "that the parties were hopeful that a final settlement would be reached," that both parties requested another trial date "if a final

3

agreement could not be reached," that "[m]ore negotiations were necessary," and "[a]n agreement was not reached."

[¶11]   In *Aaker*, parties orally submitted an agreement during a hearing. 338 N.W.2d 645, 646 (N.D. 1983). After reading the entirety of the agreement into the record, the parties requested the court's approval. *Id*. On appeal, we noted that the district court constructively accepted the stipulation and neither party denied the existence of a valid stipulation. *Id*. at 647. Similarly, in *Aanderud v. Aanderud*, the parties testified the stipulation at issue did not leave any matter unresolved. 469 N.W.2d 154, 155 (N.D. 1991).

[¶12]   Unlike the present case, the parties in *Aaker* and *Aanderud* were clearly submitting a final agreement to the court. Here, the parties' agreement was conditional on the parties agreeing to essential terms at a later date. *See Stout*, 1999 ND 218, ¶ 12, 603 N.W.2d 52. At multiple times, the parties stated they would have to work out specific terms and would put a finalized agreement into writing. These essential terms included determining when spousal support would terminate, under what circumstances Daniel Tarver could retire, and a definition for Daniel Tarver's income after retirement. Each of these terms was essential in developing a final spousal support agreement, which in turn could affect all other aspects of the proposed agreement. While "[a]n agreement to agree is enforceable if its terms are reasonably certain and definite," no certainty existed here. *Holbach*, 2010 ND 116, ¶ 11, 784 N.W.2d 472. We agree with the district court that a final agreement between the parties had not been reached on July 10, nor was a final agreement reached before trial.

[¶13]   The district court did not err in finding the parties' stipulations conditional when not all of the essential terms were definite. A court is not bound to enforce indefinite, conditional stipulations reached by the parties. Because the stipulations read into the record do not meet the requirements of an enforceable contract, we do not need to determine the application of Rule 11.3.

4

[¶14] Both Sarah and Daniel Tarver argue the district court erred in determining spousal support. At trial, Daniel Tarver submitted a proposal which required him to pay Sarah Tarver $8,800 per month in spousal support for five years. Sarah Tarver requested $15,000 a month in permanent spousal support. Based on the parties' earning ability, the historical earnings of the family, and the current age of the parties, the court "adopted" Daniel Tarver's proposal. However, instead of limiting spousal support to five years, the court ordered support until Sarah Tarver remarries, is cohabitating, or either party dies.

[¶15] A spousal support decision is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Knudson v. Knudson*, 2018 ND 199, ¶ 10, 916 N.W.2d 793. Under N.D.C.C. § 14-05-24.1, the district court may order spousal support after taking the parties' circumstances into consideration. *Id.* at ¶11. The court must consider the needs of the spouse seeking support and the ability of the other spouse to pay. *Id.* Additionally, the district court must consider the *Ruff-Fischer* guidelines, including:

> [T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Id.* The court is not required to make specific findings on each factor, but this Court must be able to determine the reasons for the court's decision. *Id.*

[¶16] Here, the court made very limited findings to explain its determination of spousal support. In its memorandum opinion, the court made findings on the parties' ages, health, occupations, and incomes, as well as the long-term nature of the marriage. However, the court did not make findings on the parties' financial circumstances, including Sarah Tarver's need for, and Daniel Tarver's ability to pay, spousal support. Instead, the court appears to have simply combined the amount of

support proposed by Daniel Tarver with the duration suggested by Sarah Tarver. Without further explanation of the court's reasoning, we cannot determine whether the district court's award of spousal support is clearly erroneous. *See Lindberg v. Lindberg*, 2009 ND 136, ¶¶ 28-33, 770 N.W.2d 252. We reverse and remand to the district court for further proceedings regarding Sarah Tarver's need for, and Daniel Tarver's ability to pay, spousal support.

[¶17]   On remand, the district court may revisit the parties' property distribution in light of any changes made to spousal support. *See Allmon v. Allmon*, 2017 ND 122, ¶ 15, 894 N.W.2d 869 ("Property division and spousal support are interrelated and intertwined and often must be considered together.") When we do not give specific directions in remanding for further proceedings, the district court may make any order that is not inconsistent with the decision and opinion of this Court. *Kautzman v. Kautzman*, 2000 ND 116, ¶ 7, 611 N.W.2d 883.

IV

[¶18]   The judgment is reversed and remanded for proceedings consistent with this opinion.

[¶19]   Gerald W. VandeWalle, C.J.
Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen